DOMENGEAUX, Judge.
Plaintiff, Argonaut Insurance Company, appeals a summary judgment dismissing its subrogation claim against defendant, State Farm Mutual Automobile Insurance Company.
It appears that on or about March 21, 1970, a bus owned by Diamond S. Constructors, Inc. was transporting some of its employees, one of which was the driver, to their work site. The bus was struck by a tractor-trailer unit, presumably also owned by Diamond S. Constructors, Inc., although alleged to be owned by Diamond S Leasing Corporation, and operated by another of the former’s employees, one John R. Cloy. The passengers in the bus were injured and plaintiff, as the work *859 men’s compensation insurer of Diamond S. Constructors, Inc. settled their workmen’s compensation claims and then filed the instant suit, to recover the sums it had paid, against Pacific Indemnity Company, the liability insurer of Diamond S Leasing Corporation, John R. Cloy and the liability insurer of his personal automobiles, State Farm.
Pacific Indemnity Company filed a motion for summary judgment attaching thereto an affidavit by B. T. Lean, office manager of Diamond S Constructors, Inc., wherein he stated that both the bus and the truck involved in the accident were owned by his employer and that all principals involved were employees of Diamond S Constructors, Inc., and were in the course and scope of their employment. Insofar as we can discern from the record, that motion has not yet been tried.
State Farm also filed a motion for summary judgment relying upon the same affidavit by B. T. Lean, and on the insurance policies that it had issued to Cloy. Its motion was granted, resulting in this appeal wherein Argonaut seeks reversal of the district court’s judgment and State Farm, answering the appeal, seeks damages for a frivolous appeal.
Plaintiff appellant first argues that the judgment should be reversed because defendant State Farm failed to provide it with copies of the affidavit and insurance policies relied on for the motion ten days prior to the hearing of the motion, citing La.C.C.P. Articles 966, 967. The hearing on State Farm’s motion was had on May IS, 1971. The affidavit in question was filed on April 5, 1971, and the insurance policies April 23, 1971. With all of the supporting materials in the record, we cannot see how plaintiff was prejudiced by State Farm’s failure to serve the information upon it and accordingly we find no merit in this procedural contention.
State Farm bases its argument, inter alia, on an exclusion in its policies which provides as follows:
“This policy does not apply under Part I:
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h) (2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer ttsed therewith or with an owned automobile;” [Emphasis ours.]
Since the insured was Cloy and he was engaged in his occupation of truck driver, driving something other than a private passenger automobile, i. e. a truck, State Farm argues that this exclusion denies coverage.
Plaintiff argues that the person referred to in the exclusion means an employee of the insured while engaged in a business of the insured. The question then, is one of interpretation of the exclusionary clause.
We note that in another exclusionary clause, (g) appearing in the policies directly above the one just quoted, it is expressly provided that the exclusion does not apply to the named insured, etc. It reads thusly:
“(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership;”
It is our opinion that had it been intended that the term “any person” in clause (h) was not to include the named insured, the policy would have expressly so pro *860 vided, as was done in clause (g). This view is strengthened by the last portion of the clause relied upon, (h) (2).
In Barnett v. City of Monroe, La.App., 124 So.2d 249, the plaintiffs sought to recover damages from the insurer of a policeman’s private automobile following the occurrence of a collision involving a city police car operated by the said officer, and their own vehicle. Therein the policeman’s policy provided for an exclusion of coverage in a clause worded as follows:
“This policy does not apply * * *:

(h) to a non-owned automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile; * * *. (Emphasis supplied.)”
The court there held that there was no coverage since the insured was operating a vehicle not a private passenger automobile, in the course of his occupation as a city policeman. As can be seen the language of that policy and that of the policy involved in the case at bar are not dissimilar and the result reached therein is likewise valid in the instant case.
Accordingly we hold that the policy of insurance which State Farm issued to Cloy did not provide coverage for the eventuality alleged in this case, and that therefore the trial court was correct in granting the summary judgment in favor of State Farm. Nevertheless the issue presented was not so free of complexity as to warrant the award of damages for a frivolous appeal, ergo that claim will be rejected.
For the above and foregoing reasons the judgment of the district court is affirmed at plaintiff-appellant’s costs in both courts.
Affirmed.