389 So.2d 435 (1980)
Benny Joe BRINKLEY and Debra Lynn Colvin Brinkley, Plaintiffs-Appellants,
v.
MURRELL ENTERPRISES, INC., Defendant-Appellee.
No. 14275.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1980.
*436 Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiffs-appellants.
Wilson & Veatch by Thomas A. Wilson, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiffs filed suit against Murrell Enterprises, Inc. seeking damages for personal injuries sustained by Mrs. Brinkley when she fell from the rental horse she was riding. Plaintiffs alleged that Mrs. Brinkley's fall was caused by the negligence of defendant's employees in saddling the horse. From a summary judgment rendered in favor of the defendant-corporation on the basis of affidavits and documents purporting to show the horse rental business was conducted by another corporation, Rent Horses, Inc., plaintiffs appeal. We reverse and remand for further proceedings.
Plaintiffs' petition alleges that on April 17, 1978, Mrs. Brinkley and several companions visited riding stables maintained by the defendant-corporation. Mrs. Brinkley rented a horse which was then saddled by a stablehand. During the course of her ride, the girth of the saddle broke or became unfastened, causing the saddle and Mrs. Brinkley to fall heavily to the ground. Plaintiffs allege that defendant's employees were negligent in improperly saddling the horse or in outfitting the horse with a saddle in such a deteriorated condition that the employees knew or should have known the dangers it posed.
Defendant initially filed an answer denying the allegations of plaintiffs' petition. Several months later, defendant filed a motion for summary judgment claiming that Murrell Enterprises, Inc. neither owned nor rented the horse from which Mrs. Brinkley fell; neither was Murrell Enterprises, Inc. the employer of the stablehand who saddled the horse for Mrs. Brinkley. The motion was supported by the affidavit of Tom Murrell, the president of Murrell Enterprises, Inc. Supportive documents were attached to the affidavit which purported to prove that Rent Horses, Inc., a corporation of which Mr. Murrell is the sole stockholder, owned the horse and saddle in question and that the stablehand who saddled the horse was the employee of Rent Horses, Inc., and not of Murrell Enterprises, Inc.
*437 In opposition to defendant's motion, plaintiffs filed the affidavit of Mrs. Brinkley. Although defendant contends plaintiff's affidavit should not be considered because it was not timely served, the trial court admitted the affidavit into evidence which it had the discretion to do. See Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La.App. 2d Cir. 1977). Therefore, this court may consider Mrs. Brinkley's affidavit in determining whether there is a material fact at issue.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supportive affidavits, if any, reveal that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The burden of clearly showing that there is not a genuine issue of material fact in dispute is upon the mover. Any doubt is to be resolved against the granting of summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
The affidavits and documents submitted with the instant motion for summary judgment purport to establish the following facts:
(1) Murrell Enterprises, Inc. was incorporated in 1969. One of the principal purposes of the corporation was the renting of horses for riding purposes. Tom Murrell owns 100 percent of the stock of Murrell Enterprises, Inc.
(2) Rent Horses, Inc. was incorporated by Tom Murrell in 1974. Tom Murrell owns 100 percent of the stock of this corporation. The sole source of income of this corporation is from the rental of horses;
(3) Murrell Enterprises, Inc. is the owner of the stables and riding arena where plaintiff rented the horse from which she fell and is the lessee of the property where those stables are located; and
(4) Upon incorporation of Murrell Enterprises, Inc. Tom Murrell exchanged certain corporeal property, including 10 horses and 10 saddles, for stock in Murrell Enterprises, Inc. Shortly before incorporation of Rent Horses, Inc., Murrell Enterprises, Inc. conveyed 10 horses and 10 saddles to Tom Murrell. The assets of Rent Horses, Inc. at the time of its incorporation consisted of 20 horses, 20 saddles, and related riding equipment.
In his affidavit, Mr. Murrell states that Murrell Enterprises, Inc. does not rent horses for riding purposes and does not rent or furnish saddles or other riding accessories. He also states that the employees of Murrell Enterprises, Inc. do not assist in the saddling of rental horses. We find that these statements of Mr. Murrell, defendant's president, unsupported by conclusive documentation and considered in light of Mrs. Brinkley's averments that she rented a horse from defendant which was saddled by defendant's employee, even though she admittedly has no personal knowledge of the ownership of the horse and saddle, are insufficient to resolve all doubt as to the ownership of the horse and saddle in question here and the employment of the stablehand who saddled the horse on the day of the accident.
The record does not conclusively establish the absence of liability on the part of Murrell Enterprises, Inc. Rather, the nature of the relationship and transactions between Murrell Enterprises, Inc. and Rent Horses, Inc. is such as to require further inquiry into the ownership of horse and saddle, the employment of personnel working on the premises, and the legal relationship of the two corporations and their principal stockholders as it might affect liability to the plaintiff in the alleged accident and resulting injury. Plaintiffs should have the opportunity to probe by discovery and cross-examination the facts peculiarly within the knowledge of defendant, its officers and stockholders.
Because there remain genuine issues of material fact and because the facts disclosed by the affidavits and attached documents do not inevitably lead to the conclusion, as a matter of law, that defendant is *438 entitled to judgment rejecting plaintiffs' demands against it, we hold that summary judgment was improvidently granted. The judgment is reversed, the motion for summary judgment is overruled, and the case is remanded for further proceedings. Costs of this appeal are assessed to the appellee.
Reversed and remanded.