465 So.2d 287 (1985)
Clyde R. WHITE, Plaintiff and First Appellant,
v.
GULF STATES UTILITIES and Otis Elevator Company, Defendants and Appellees.
No. 84-131.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1985.
Writ Denied May 3, 1985.
*288 Miguez & Leckband, Carl A. Leckband, Jr., Lake Charles, for plaintiff and first appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, for defendant and appellees.
Plauche, Smith & Nieset, A.R. Johnson, IV, Lake Charles, for intervenor-appellee-appellant.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
The plaintiff-appellant, Clyde R. White, instituted this action against the defendant-appellee, Gulf States Utilities (GSU), seeking damages for an arm injury sustained while engaged in construction work at the Nelson Power Plant in Lake Charles. The trial court granted the Motion for Summary Judgment filed by GSU. The plaintiff-appellant perfected this appeal.
The plaintiff sustained a severe arm injury in an elevator accident while working as a journeyman ironworker for The Bechtel Power Corporation (Bechtel). Bechtel was constructing the main boiler building for GSU at their Nelson Power Plant in Lake Charles. The scene of the accident was the construction elevator, constructed and operated by Bechtel as part of their construction effort and disassembled when the construction was completed. The injury occurred while the plaintiff was participating in the alignment and straightening of the rod on which the elevator's counter-weight rode. The elevator ran vertically up and down the south side of the square tower frame and the counter-weight ran up and down the north side of the frame. The plaintiff's role in the effort to align the counter-weight required him to position himself in the interior of the square tower frame. During the repair effort, the elevator began its ascent, and the counter-balance, which was positioned some distance above the level where the plaintiff was situated, began to descend. The plaintiff had his arm extended through the north side of the tower frame. As the counter-weight descended, it struck the plaintiff's arm, crushing it between the counter-balance and the tower frame.
The plaintiff subsequently instituted this action against several defendants, including GSU seeking the recovery of damages for the injury to his arm. In his petition, the plaintiff alleges that GSU is liable for his injuries on the basis of strict liability and through GSU's alleged negligence in supervising the operation of the elevator.
GSU filed a Motion for Summary Judgment along with an affidavit in support of the Motion. The affiant, Mr. A.M. Duke, was the project superintendent for Bechtel at the time of Mr. White's accident. The affiant stated that pursuant to the construction contract between GSU and Bechtel, the construction elevator was constructed, *289 maintained and disassembled by Bechtel, and that it was for the use of Bechtel's employees, who were responsible for its supervision. The affiant noted that the elevator was used principally by Bechtel employees and that it was rarely used by GSU employees. The affiant made several statements about the construction elevator; that it was erected and disassembled by Bechtel, that it was a temporary attachment to GSU's main boiler builder, that it did not break apart or malfunction, and that it was structurally sound.
On the hearing date set for the Motion, the plaintiff's attorney submitted an affidavit executed by the plaintiff which stated that he had seen GSU employees at the power plant during construction and that they had engaged in supervisory activities at the jobsite and the elevator. The defendant objected to the admission of the affidavit into the record for consideration because its submission was not timely. The trial court admitted the affidavit into the record and then granted the Motion for Summary Judgment.
The issues on this appeal are whether the trial court improperly admitted the plaintiff's affidavit into the record and whether there remain genuine issues of material fact disclosed in the record, vis-a-vis, the plaintiff's allegations against GSU.
We will first address the timeliness of the plaintiff's counter-affidavit and its admissibility. La.C.C.P. art. 966 states that affidavits in opposition to the Motion for Summary Judgment may be served prior to the date of the hearing on the Motion. In this case, the plaintiff's affidavit was not timely because it was submitted on the day of the hearing on the Motion. However, the trial court had the discretion to permit an opposing affidavit submitted after the time prescribed for filing under La.C.C.P. art. 966. Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La. App. 2nd Cir.1977); Brinkley v. Murrell Enterprises, 389 So.2d 435 (La.App. 2nd Cir.1980). Neither the record, nor do the appellee's arguments, disclose any prejudice to the defendant's case that was caused by the admission of the untimely-filed counter-affidavit. Under these circumstances, the trial court was within its discretion to admit the counter-affidavit into the record. See: Argonaut Insurance Co. v. Pacific Indemnity Co., 256 So.2d 858 (La.App. 3rd Cir.1972).
Also at issue on this appeal is the propriety of the trial court's judgment granting the defendant's Motion for Summary Judgment. A Motion for Summary Judgment should be granted only if the pleadings, disposition, answers to interrogatories, admissions on file together with supporting affidavits, show no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The burden of clearly showing that there is not a genuine issue of material fact in dispute is upon the mover. Any doubt is to be resolved against the granting of the Motion for Summary Judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983) writ denied, 445 So.2d 437 (La.1984).
After reviewing the record, we conclude that the trial court erroneously granted the defendant's Motion for Summary Judgment. There remain genuine issues of material fact concerning GSU's potential liability on the basis of La.C.C. art. 2317. In order to assert a cause of action on the basis of La.C.C. art. 2317, one must allege the following: (1) The defendant is the owner of the thing; (2) There is a defect in the thing which creates an unreasonable risk of harm; and (3) The thing was within the custody and control of the defendant. From our review of the record, we conclude that the plaintiff has made sufficient allegations to create a genuine issue as to each of the above criteria.
The record discloses that GSU admits to the ownership of the main boiler building. The record further discloses that the plaintiff asserts that the elevator was permanently attached to GSU's main boiler building. In the supporting affidavit submitted *290 by GSU, the affiant states that the elevator was for temporary use only and was disassembled when the construction work was completed. In light of these assertions, we conclude that a genuine factual issue remains concerning the status of the elevator as an appurtenance to the main boiler building at the time of the plaintiff's injury. The plaintiff has sufficiently alleged this element of his action under strict liability.
A genuine issue of fact also exists with respect to the plaintiff's allegation that there was an unreasonably dangerous defect in the elevator. The defendant's assertion in its supporting affidavit that the elevator was structurally sound does not dispose of this issue. In Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3rd Cir.1981), this court stated that "Summary Judgment is seldom appropriate in negligence cases in which the decision turns on a determination of whether certain conduct constitutes a tort because such a determination usually involves a factual dispute." Like a negligence case, issues pertaining to an alleged defect usually require a factual determination regarding the actual danger posed by the alleged defect. These issues are squarely factual and should rarely be resolved by a summary judgment. The alleged defect in the elevator warrants more scrutiny than an evaluation based on affidavits. The relationship between the repair effort, the object of the repair and the cause of the injury, warrants a closer examination. The defendant-appellee has not met its burden of showing that no factual issues remain concerning the alleged defect in the elevator.
Finally, there remains a factual dispute concerning the alleged supervision over the elevator conducted by GSU. The contradicting affidavits produce doubt with respect to this issue, and this doubt is to be resolved against the granting of the Summary Judgment.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the District Court for further proceedings. The defendant-appellee is to bear the costs of this appeal.
REVERSED AND REMANDED.