DOMENGEAUX, Judge.
Citizens Bank, Ville Platte, Louisiana (Citizens Bank) brought suit against Howard D. Manuel seeking to recover the balance due on a promissory note executed by Manuel. Citizens Bank, additionally, sought interest on the principal balance, attorney’s fees and costs. Manuel answered with a general denial and affirmatively alleged that tender of payment was made but, was refused. Subsequent to Manuel’s answer, Citizens Bank filed a motion for summary judgment.
The trial court granted the plaintiff’s motion. Citizens Bank was awarded $1,218.34 in principal, $132.99 in interest due as of February 5, 1986, interest at the rate of fifteen percent from February 5,1986 until paid, twenty-five percent attorney’s fees on the entire amount and costs, all as provided for in the note. It is from this judgment that Manuel appeals.
The defendant, both at the trial level and on appeal, proceeded in proper person.
Manuel raises as error, the refusal of the trial court to consider the affidavit he filed in opposition to the plaintiff’s motion. The affidavit in question was filed with the court on April 22, 1986, the day immediately preceding the hearing on the plaintiff’s motion. The briefs of both parties indicate that service of the affidavit did not occur until April 23, 1986, the day of the hearing. Although no written reasons for the trial court’s decision were prepared, the trial judge apparently refused to consider the affidavit concluding that it had not been served timely.
La.Code Civ.Proc. art. 966 (1961) (amended 1966,1983 & 1984) provides, in pertinent part, “The adverse party may serve opposing affidavits prior to the date of the hearing.” (emphasis added). The defendant contends, relying on the word “may,” that article 966 does not mandate that opposing affidavits be served prior to the date of the hearing. The defendant has incorrectly interpreted article 966.
The jurisprudence interpreting article 966 has consistently held that the time limitation established by this article is mandatory so that affidavits not timely served are inadmissible and properly excluded. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977). See, also, Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App. 2nd Cir.1979), writ denied, 373 So.2d 525 (La.1979). Although parties against whom summary judgments are sought are not obligated to submit affidavits, if they elect to rebut the movant’s case through the use of affidavits, those affidavits must be served prior to the day of the hearing. The word “may” in the article does not refer to the time when opposing affidavits can be served, but rather, “may” grants to the opposing party the right to submit affidavits.
The defendant has also argued that because trial judges have the discretion, absent prejudice to the moving party, to consider opposing affidavits served after the time prescribed in article 966, his affidavit should have been reviewed. Although trial judges do have this discretion, we cannot say in this instance that it was an abuse of discretion for the trial judge to decline to consider the affidavit. Cf. White v. Gulf States Utilities, 465 So.2d 287 (La. App. 3rd Cir.1985), writ denied, 468 So.2d 576 (La.1985); Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La.App. 2nd Cir.1977).
For the above and foregoing reasons the judgment of the district court in favor of Citizens Bank, Ville Platte, Louisiana, the plaintiff-appellee, is affirmed.
All costs of this appeal are assessed against Howard D. Manuel, the defendant-appellant.
AFFIRMED.