ARMSTRONG, Judge.
Defendants, Earl and Herma Edwards, appeal the trial court’s granting of plaintiff, Federal Savings and Loan Insurance Corporation’s (“FSLIC”), motion for summary judgment, finding that there was no genuine issue as to material fact and that the defendants had defaulted on a promissory note, owing $13,485.75. We reverse and remand to the trial court.
On January 6, 1984, the defendants executed a promissory note payable to New Orleans Federal Savings and Loan Association (“NOF”) in the amount of $26,503.68, payable in monthly installments of $315.52. That same day defendants executed a mortgage note, mortgaging their home to secure the loan. In June, 1986, FSLIC was appointed as receiver for NOF.
The defendants defaulted on the repayment of the promissory note and FSLIC sent them a demand letter dated August 28, 1987, accelerating payment of the full amount of the note. FSLIC subsequently filed this suit seeking a judgment for the amount of the note plus interest, a late charge, and attorney’s fees, and recognizing its security interest in the mortaged property. Defendants answered the suit claiming that the amount sought as due on the promissory note was incorrect, and that because of errors by NOF, they had not been properly credited for payments made. Defendants also claimed that the rate of interest charged for the loan was in excess of the maximum permitted by law.[1]
FSLIC filed a motion for summary judgment on March 17, 1988, together with a supporting affidavit by a managing officer of FSLIC, C. Ritchie Brumfield. Brumfield swore that the defendants owed a total of $13,994.43 on the promissory note, plus interest, a late charge, and attorney’s fees, all provided for by the terms of the note. Brumfield stated that he had personal knowledge of these facts, or knowledge based on a review of business records maintained in the ordinary course of business.
On January 3, 1989 FSLIC filed an affidavit by Russell G. Mancuso, an assistant managing officer of FSLIC. Mancuso also stated that his sworn facts were based *1150 upon his personal knowledge, or knowledge based on a review of business records. Attached to this affidavit were certified copies of the promissory note ánd mortgage instrument.
In an affidavit dated May 11, 1988, Mr. Edwards stated that the amount claimed owed was incorrect.[2] Hearing on the motion was scheduled for February 3, 1989. On the day of the hearing FSLIC filed a second affidavit by Russell Mancuso. In this affidavit Mancuso set forth the amount due on the note as $13,485.75, plus interest, a late charge, and attorney’s fees. The figure owed on the note was evidenced by a handwritten ledger sheet reflecting that the defendants had made thirty-four payments, the last being on October 10, 1987.[3] The last two payment entries were added after the total payoff amount had been calculated by subtracting the unearned finance charge and credit life rebates, and adding the late charge.
After the filing of this third affidavit and attached documentary evidence, defendants requested an opportunity to file an affidavit opposing this last affidavit and documentary evidence. Defendants disputed the amount claimed as due on the promissory note. They argued that they should be given ten days to rebut this third affidavit. The trial court denied this request and granted FSLIC’s motion for summary judgment.
On appeal defendants claim that the trial court erred in failing to give them an opportunity to rebut the last minute affidavit and documentary evidence submitted by FSLIC on the day of the hearing. They also claim that the trial court granted the motion for summary judgment based upon “incompetent evidence.”
La.C.C.P. art. 966 states in pertinent part:
“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.”
Defendants claim that, under La.C.C.P. art. 966, FSLIC should have served its affidavits at least ten days before the date of the hearing.
FSLIC cites one case for the proposition that its third “supplemental, supporting affidavit” did not have to be served prior to the hearing. In Succession of Gary, 300 So.2d 524 (La.App. 2d Cir.1974), writ denied, 303 So.2d 179 (La.1974), the court found no support in La.C.C.P. art. 966 for appellant's argument that the mover’s affidavits, apparently the only ones served by the mover, must have been served at least ten days before the hearing so he could have an opportunity to serve opposing affidavits.[4] One judge dissented, feeling that the' mover’s affidavits should have been served either with the motion, ten days before the hearing, or at least within a reasonable time prior to the hearing. That dissenting judge felt that the judgment granting the motion for summary judgment should have been reversed and re *1151 manded to allow the adverse party the opportunity to serve counter-affidavits to those served by the mover on the day of the hearing. We disagree with the holding of the majority.
FSLIC also cites several cases for the proposition that the trial court had the “discretion” to admit an affidavit not timely filed.[5] In each of these cited cases the trial court did allow a party to file an affidavit on the day of the hearing. However, the untimely affidavits involved in these cases were those of the party opposing the motion; they were each filed one day later than specified under C.C.P. art. 966. It does not appear that the clause requiring that opposing affidavits be served up to and including the day before the hearing on the motion, is designed to give the mover the opportunity to rebut, by another affidavit, the opposing affidavit. If that were the case, then the party opposing the motion should be given the opportunity to rebut those rebuttal affidavits served by the mover in response to his opposing affidavits, and so on, and so on.
The potential for prejudice in allowing opposing affidavits to be filed on the day of the hearing is substantially less than that presented when the mover is allowed to file supporting affidavits on the day of the hearing. We do not find the cases cited by FSLIC as authority for the proposition that a trial court has the discretion to allow affidavits to be filed by a moving party on the day of the hearing of a motion for summary judgment, without giving the adverse party the opportunity to serve or file opposing affidavits directed to them.
La.C.C.P. art. 966(A) provides that a party moving for summary judgment may do so with or without supporting affidavits. Section (B) mandates that the motion be served at least ten days before the date of the hearing. The adverse party is explicitly given the right to serve opposing affidavits up to and including the day before the hearing. The term opposing affidavits contemplates affidavits directed both to the motion — a party can file affidavits in opposition to the granting of the motion even if the moving party has filed no affidavits— and to any supporting affidavits filed by the moving party. As to the latter, how can an adverse party file an opposing affidavit prior to the date of the hearing if the supporting affidavit he would oppose is not filed until the date of hearing?
We hold that the article contemplates that affidavits of the mover will either accompany and be served at the same time as his motion, or be served at least before the date of the hearing. Although the article does not specifically require that such affidavits be served ten days before the hearing, the adverse party is entitled to a reasonable time within which to serve opposing affidavits directed to those served by the mover. What is a reasonable time depends upon the content of the affidavit(s) and the circumstances of the case. La.C.C.P. art. 967 states that a court “may permit affidavits to be supplemented ... by further affidavits.” Our discussion and decision regarding the time for filing initial supporting affidavits applies as well to supplemental supporting affidavits.
For the above reasons, we find that the trial court erred by allowing the moving party, FSLIC, to file a supplemental affidavit on the date of the hearing on its motion for summary judgment. We must now determine whether the first and second affidavits served by FSLIC entitled it to judgment as a matter of law.
The first and second affidavits essentially recite the same thing — that defendants obligated themselves on a promissory note, which note was secured by a mortgage of the property upon which FSLIC seeks to foreclose. The first affidavit also sets forth an amount claimed as due on the promissory note. The affiants base their attestations on personal knowledge or knowledge based on a review of business records maintained in the ordinary course of business. The second affidavit had attached to it certified copies of the promisso *1152 ry note and mortgage instrument. However, neither the first nor second affidavit had attached to it any of the business records referred to. La.C.C.P. art. 967 requires that sworn or certified copies of all papers or parts thereof which are referred to in a supporting or opposing affidavit shall be attached to the affidavit or be served along with it. Since FSLIC failed to comply with this directive its affidavits were defective and it was not entitled to summary judgment.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. This issue was not raised in appellant’s brief on appeal, and therefore, it will not be addressed. See Rule 1-3, Uniform Rules of Louisiana Courts of Appeal.,

.Merely disputing the amount owed on an obligation does not create a genuine issue of material fact such that would render granting of summary judgment inappropriate. "Specific factual details" must be presented in support of the allegation. Equipment, Inc., v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985).

. This last payment was credited to the payment which had been due on November 11, 1986.

. The appellant in Gary, unlike the defendants in the instant case, apparently did not request a continuance so that he could secure and file opposing affidavits.

. White v. Gulf States Utilities, 465 So.2d 287 (La.App. 3rd Cir.1985), writ denied, 468 So.2d 576 (La. 1985); Brinkley v. Murrell Enterprises, Inc., 389 So.2d 435 (La.App. 2d Cir.1980); Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La.App. 2d Cir.1977).