REHEARING DENIED
Our original opinion is correct. Defendant relies on Federal Savings & Loan Insurance Corp. v. Edwards, 562 So.2d 1148 (La.App. 4th Cir.1990) for the proposition that Code of Procedure Article 967 requires that the documents referred to in an affidavit “be attached thereto or served therewith.” Such a pronouncement may be correct in those instances where the document does not already appear in the record or where it was never previously served on the opposing party. For that reason, this case is distinguishable from Federal Savings & Loan Insurance Corp., supra.
Code of Civil Procedure Article 966 provides that a summary judgment shall be rendered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” This article permits the court to consider the entire record in deciding the appropriateness of a summary judgment. The promissory notes referred to in the affidavit, although not attached, were certainly part of the record. Defendant was well aware of their existence and had every opportunity to rebut their validity. We limit the holding of Federal Savings to those instances where the “unatttaehed documents” have not been previously made part of the record.
PLOTKIN, Judge,
would grant rehearing:
I would grant the defendant’s application for rehearing to reconsider our decision affirming the trial court judgment granting plaintiff Whitney National Bank’s motion for summary judgment. On reconsideration of Elizabeth M. Humphrey Buchler’s arguments that Whitney is not entitled to summary judgment because it failed to attach the handnotes evidencing the interest rates to the affidavit which referred to the notes, I would reverse both our original decision and the trial court decision granting the motion for summary judgment, and remand for further proceedings.
La.C.C.P. art. 967, relative to affidavits supporting motions for summary judgment, provides, in pertinent part, as follows:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
(Emphasis added.)
The jurisprudence interpreting the above provision is split concerning whether the failure to attach papers referred to in an affidavit is fatal to a motion for summary judgment, especially when, as here, those papers are already a part of the record. However, in its most recent discussion of the issue, this court found that the article absolutely “requires that sworn or certified copies of all papers or parts thereof which are referred to in a supporting or opposing affidavit shall be attached to the affidavit or be served along with it.” Federal Savings & Loan Insurance Corp. v. Edwards, 562 So.2d 1148, 1152 (La.App. 4th Cir.1990). The court held that the failure to comply with that requirement made the affidavits defective, which meant that the plaintiff was not entitled to summary judgment.
In the instant case, the plaintiff did not attach the handnotes to the affidavit executed by Albert Lord, Whitney’s assistant vice president, despite the fact that the *900 affidavit refers specifically to the notes. Under the jurisprudence from this circuit, Whitney was not entitled to a motion for summary judgment as a matter of law. Thus, the motion for summary judgment was improperly granted.
I believe that a decision to the contrary under the circumstances of this case would result in injustice to the plaintiff. Unquestionably, Ms. Buchler was never served with the handnotes in question. As we noted in our original opinion, the handnotes are a part of the record in this case because they were attached to the original petition for executory process. However, contrary to our assumption in the original opinion, Ms. Buchler was never served with the handnotes because she received only a notice of seizure and notice to appoint an appraiser, not the petition for executory process itself. Since the handnotes were not attached to the petition for deficiency judgment, Ms. Buchler did not receive them when she was served with that document. Finally, since the notes were not attached to the affidavit in support of Whitney’s motion for summary judgment, as required by law, Ms. Buchler did not receive them at that time.
The originals of the handnotes at issue in this case are stored in the clerk of court’s office in a vault. In order to view the notes, which form the underlying basis for the plaintiff’s cause of action, the defendant and/or her attorney would have been required to go to the clerk’s office and request the notes. I believe it is too great a burden to place on a litigant to require him to take extra steps to acquire the evidence on which his opponent bases a motion for summary judgment. La.C.C.P. arts. 966 and 967 are designed to protect litigants from that burden by requiring the moving party to attach the evidence on which the cause of action is based to the motion and by requiring that documents mentioned in affidavits supporting the motion be attached. I believe the Federal Savings & Loan Insurance Co. case requires strict compliance with those requirements.
The effect of the failure to attach the affidavits in this case is that Ms. Buchler was denied the opportunity to test the accuracy of the plaintiff’s calculation, simply because her attorney relied on the belief that the motion for summary judgment would be denied because the plaintiff failed to comply with the requirements of the articles governing motions for summary judgment. Unquestionably, the notations on the back of the handnotes are the only evidence of the interest rates; thus, the handnotes were absolutely necessary to calculation of Ms. Buchler’s indebtedness. Ms. Buchler was denied the opportunity to test the accuracy of the calculations by the plaintiff’s failure to follow the requirements of the article.
Therefore, I believe that both our original decision and the trial court judgment should be reversed and that the case should be remanded for further proceedings.