JjWOODARD, Judge.
This lawsuit arises out of an automobile accident which occurred when plaintiffs truck collided with a two and one-half to three foot high concrete base in the parking lot of a Piggly Wiggly store located in Opel-ousas, Louisiana.
FACTS
On November 30, 1990, at approximately four o’clock in the afternoon, Jesse Dupre was driving with his wife, Gerline Dupre, in their 1980 Chevrolet truck in a westbound direction towards the exit in a parking lot of a Piggly Wiggly store located in Opelousas, Louisiana when they suddenly struck a fixed concrete object, two and one-half to three feet tall and several feet wide. It was a light pole base, painted yellow, and the only one out of many in the lot without a light pole attached to it. The truck was damaged and Mrs. Dupre, having struck the windshield, suffered serious personal injury.
jaPROCEDURAL HISTORY
On December 2, 1991, Jesse and Gerline Dupre filed a lawsuit against Dale Doueet D/B/A Piggly Wiggly. On February 27, 1992, Dale Doueet filed a third party petition against defendants, Raymond Beauxis, Marlene Nicholson, Gregory Bordelon and Christine Gauthier, owners of the parking lot and store, who allegedly had assumed all liability under the lease between them and Doueet, for damages arising out of any condition of the premises. The trial court dismissed the action against Dale Doueet on June 27, 1992. On May 22, 1992, Jesse Dupre died, and Gerline Dupre subsequently filed a motion to be substituted as plaintiff on behalf of his claims for damages against the defendants. On January 5, 1993, defendants filed a motion for summary judgment. On June 24, 1993, the trial court granted summary judgment in favor of defendants, finding that the *744 concrete base was not unreasonably dangerous.
Gerline Dupre appeals and asserts the following assignments of error: The trial court erred (1) in granting summary judgment in favor of defendants where reasonable minds could differ as to the hazard created by the concrete pillars; and, (2) in dismissing plaintiffs case where summary judgment dealt only with strict liability and plaintiffs had also pleaded negligence.
LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary procedure should be used cautiously and sparingly; any reasonable doubt should be resolved in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
isSummary judgment is seldom appropriate in negligence cases in which the decision turns on a determination of whether certain conduct constitutes a tort because such a determination usually involves a factual dispute. Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3 Cir.1981), writ denied, 410 So.2d 763 (La.1982). Likewise, issues pertaining to an alleged defect in strict liability cases usually require a factual determination regarding the actual danger posed by the alleged defect. White v. Gulf States Utilities, 465 So.2d 287 (La.App. 3 Cir.), writ denied, 468 So.2d 576 (La.1985). These issues are squarely factual and should rarely be resolved by a summary judgment. Id. A genuine issue of fact exists with respect to plaintiffs allegation that the concrete base was unreasonably dangerous. This determination should only be made after a full trial on the merits. Summary judgment cannot be used as a substitute for a trial. Iberia Sav. & Loan Assn. v. Warren, 569 So.2d 1118 (La.App. 3 Cir.1990), writ denied, 573 So.2d 1120 (La.1991). Thus, summary judgment in favor of the defendants was improper.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. All costs of this appeal are taxed against the defendants. All other costs are to be assessed following trial on the merits.
REVERSED AND REMANDED.