JiCARAWAY, Judge.
After sustaining personal injury on a state highway right of way, plaintiff sued the State of Louisiana through the Department of Transportation and Development (“DOTD”), the DeSoto Parish Police Jury, and the City of Mansfield (“City”). The DOTD filed a cross-claim against the City seeking indemnification. The City filed a general denial to the cross-claim and subsequently filed a motion for summary judgment. The trial court granted summary judgment dismissing the City from the lawsuit. DOTD appeals. Because there is no genuine issue of material fact, we affirm.

Pleadings

While walking along State Highway No. 3103 known as Kings Highway within the City of Mansfield on September 10, 1993, Tekeshia Mitchell fell through a broken drainage grate over a catch basin and sustained injuries to her knee and leg. Ms. Mitchell sued the various public entities as *366 serting that defendants were negligent in allowing a dangerous and hazardous condition to remain on a highly traveled highway under their jurisdiction and control, in failing to warn of such condition, and in failing to exercise due care and caution.
The City answered the suit and denied ownership or custody of the drain. DOTD filed a general denial that contained an assertion of comparative fault against plaintiff and unspecified third parties. DOTD also filed a cross claim against the City asserting that the City owned and maintained the drainage grate and should have known of its defective condition. The City denied the claims of the DOTD. In response to a DOTD’s request for admissions regarding the City’s knowledge of the defective grate, the City responded that it was “unaware of any employees or agents of the City of Mansfield who was [sic] consciously aware of the existence of the particular drain and drainage grate.”
l2After a discovery deadline imposed by the trial court through a scheduling order, the City filed a motion for summary judgment asserting: (1) there was no evidence that the City owned or installed the drainage grate; (2) the drainage grate was located within the right of way of State Highway No. 3103; and (3) the State of Louisiana was the owner or custodian of the drainage grate. DOTD opposed the motion for summary judgment asserting unsuccessfully that the City had actual or constructive knowledge of the dangerous condition thereby creating a fact question regarding the City’s liability.

Summary Judgment Evidence

The City presented three discovery depositions in support of its motion. Irving Edward Thomas Jr., the DOTD’s engineering technical supervisor for DeSoto Parish testified in his deposition that the City was responsible under a written agreement with the DOTD for mowing and picking up litter on the right of ways. Prior agreements between the City and the DOTD had called for the City to also perform shoulder and ditch maintenance work but those duties were excluded after 1986. According to Mr. Thomas, the parish maintenance superintendent for the DOTD, John Mustin, inspects the road approximately every two weeks checking for defects in the road, on the shoulder, or in the right of way. The state has the responsibility to maintain ditches and drainage grates along the highway and the state has the authority to remove the grates. If Mr. Thomas had seen the drainage grate, he would have placed a warning sign around it and initiated procedures to have it removed.
John Mustin confirmed in his deposition his inspection of the road approximately every two to three weeks looking for potholes, bumps, and defective road signs. Mr. Mus-tin admitted that the drainage grate located on the state right of way presented an unreasonably dangerous condition. The grate and catch basin were located between the road and a sidewalk. According to MrJjMustin, the City mows the grass and picks up litter on the right of way around the catch basin.
Jim Ruffin, the public works director for the City, testified the City did not contract with the state to maintain or repair the drainage system on the state right of way. Under the written agreement with DOTD, the City was only responsible for moving the grass and replacing traffic signal bulbs. Mr. Ruffin agreed the broken drainage grate presented an unreasonably dangerous condition, and following his notification of the accident, he fixed the grate, without prior state authorization, to prevent further injury and billed the state for the repair.
In support of its opposition to the motion for summary judgment, DOTD filed an affidavit from John Mustin wherein he stated the City was responsible for mowing the grass growing on the right of way and that the DOTD had not received any notice or complaint regarding the defective grate until after the accident.

Law

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
*367 The motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Carter v. Smith, 607 So.2d 6 (La.App. 2d Cir.1992). When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of |4his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. Miramon v. Woods, 25,850 (La.App. 2d Cir. 6/22/94), 639 So.2d 353.
With the 1996 amendment to Article 966, the following language was added: “The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action_ The procedure is favored and shall be construed to accomplish these ends.” * * * “After adequate discovery ..., a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La.C.C.P. art. 966(A)(2) and (C) as added by Acts 1996, First Ex.Sess., No. 9.
In Duckworth v. Government Employees Insurance Company, 464 So.2d 907 (La.App. 4th Cir.1985), a traffic accident on Interstate 10 resulted in personal injury. Original defendants brought a third party claim against the City of Kenner asserting the City was responsible for traffic control on those sections of state highway which were within the municipal boundaries. The City of Kenner filed a motion for summary judgment and established that the City was not bound contractually to maintain the highway and that the City had no knowledge of the defective condition. The court of appeal affirmed the grant of summary judgment and held:
There is no contract between Kenner and the State, nor did Kenner have knowledge of the hazardous condition. There remains no genuine issue of material fact. Under these circumstances Kenner owed no duty to plaintiff prior to the accident. Kenner is entitled to summary judgment as a matter of law.
In this instance, the following facts are undisputed: (1) the defective drainage grate, though lying within the city limits, was located on the state owned | sright of way; (2) the City of Mansfield was not contractually bound to perform maintenance on the right of way with respect to the drainage basin in question; (3) the only contractual obligation undertaken by the City with respect to the right of way was mowing the grass and perhaps litter patrol; and (4) the Mansfield public works director had no knowledge of the defective drainage grate.
The DOTD asserts that the City must have had actual or constructive knowledge of the defective drainage grate because the City was responsible for mowing the grass.[1] DOTD continues with this assertion despite Mr. Ruffin’s testimony that he was not aware of the defective drainage grate prior to the accident. The City’s response to the DOTD’s request for admissions also sufficiently denied that other employees of the City had knowledge of the hazard. This unrefuted testimony presented in support of the motion for summary judgment adequately demonstrates the City’s lack of knowledge of the defective grate.
The only evidence offered by DOTD was John Mustin’s affidavit stating that the City was responsible for mowing the grass growing on the right of way and that the DOTD *368 had not received any prior notice or complaint regarding the defective grate. Despite “adequate discovery” by its participation in the deposition of Mr. Ruffin, the DOTD failed to obtain any evidence probing how often the area was mowed or who mowed it.[2] Nor does the DOTD now present any evidence of |6City employees who might have worked near the area of the defective drainage grate and become aware of the hazard. When presented with this motion for summary judgment and the City’s evidence, to defeat the motion, the DOTD may no longer rely on its unsupported allegations to establish a factual issue regarding the City’s actual notice of a defective piece of property which the City did not own or otherwise have a duty to maintain.
In light of the factual evidence presented by the City of Mansfield establishing that no genuine issue of material fact exists and considering the DOTD’s inability to uncover a genuine issue of fact, the City of Mansfield is entitled to summary judgment. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.

. Depending upon the nature and appearance of the hazard which was not fully shown in the record before us, the City’s actual knowledge of the hazard might create a duly in this setting regarding a public roadway that could serve as a basis for negligence. However, the DOTD's assertion of constructive knowledge as a legal basis for liability for a defective piece of property which the City did not own or otherwise have a duty to maintain is untenable.

. New paragraph C to C.C.P. art. 966 added by the 1996 amendment as quoted above places into the summary judgment procedure an emphasis on discovery time with the phrase "after adequate discovery." In this case, the DOTD, informed by the City’s answer to the request for admissions and by Mr. Ruffin's deposition, apparently chose no additional discovery to further test the City's evidence showing no actual knowledge of the defective grate. DOTD’s continued speculative assertions after the trial court’s discovery deadline and “after adequate discovery” in this case will not overcome the evidence put forth by the City in support of its summary judgment.