hPEATROSS, J.
On January 10, 1995, George E. Mus-grove and Kenneth J. Musgrove (“Plaintiffs”) filed suit against Defendants, Homestead Insurance Co. (“Homestead”), Gold Star Amusement (“Gold Star”) and Connie L. Featherston (“Mrs. Featherston”) for damages sustained during an automobile accident on October 2, 1994. At the time of the accident, Mrs. Featherston was operating a tractor-trailer owned by her employer, Pelican Transport, Inc., and was transporting equipment owned by her other employer, Gold Star.[1] Plaintiffs alleged in their petition at paragraph nine that Mrs. Featherston was acting in the course and scope of her employment with Gold Star at the time of the accident, making it and its insurer vicariously liable. On November 6, 1995, Plaintiffs filed a supplemental petition adding Defendant, Continental Casualty Company (“Continental”), whom they incorrectly named as CNA Insurance Co., the insurer of Mr. and Mrs. Featherston’s (“the Featherstons”) personal vehicles. On November 13, 1995, Plaintiffs filed a motion to dismiss Homestead, Gold Star and Mrs. Featherston from the suit, after having settled their claims with those Defendants, and reserved their rights against Continental.
On February 9, 1998, Continental filed a motion for summary judgment alleging that any liability on the part of Mrs. Featherston fell under its “business pursuits” exclusion since Plaintiffs pled in their petition that she was in the course and scope of her employment at the time *927 of the accident.[2] Continental also alleged | ¡¿hat the vehicle which Mrs. Featherston was driving at the time of the accident was not listed on its policy, nor was it owned by Mr. or Mrs. Featherston, also excluding any coverage. On March 6, 1998, Plaintiffs filed to amend paragraph nine of their petition to state that Mrs. Featherston was not, at any time, acting within the course and scope of her employment with Gold Star. The trial court granted Continental’s motion and dismissed Plaintiffs’ suit. It is from this judgment that Plaintiffs appeal.

DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the district courts’ consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Banks v. State Farm Ins. Co., 30,868 (La.App.2d Cir.8/19/98), 717 So.2d 687; Mitchell v. State, DOTD, 29,339 (La.App.2d Cir.4/2/97), 691 So.2d 365, writ denied, 97-1171 (La.6/20/97), 695 So.2d 1359. With the 1996 amendment to La. C.C.P. art. 966, summary judgment became recognized as a favored procedure designed to secure the just, speedy and inexpensive determination of every action and shall be construed to accomplish such end. Mitchell, supra. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing an absence of a genuine issue of material fact. A fact is material if its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of re-eovery. Curtis v. Curtis, 28,698 (La. App.2d Cir.9/25/96), 680 So.2d 1327.

\ business Use Exception

As evidenced in the record, Continental’s policy, which it issued to Mr. and Mrs. Featherston, contains language that excludes coverage for damages which arise from the fault of the insured driver when the driver is engaged in activity deemed to be a pursuit of business. We find no merit to Plaintiffs’ argument that Mrs. Feather-ston was not engaged in a business pursuit at the time of the accident complained of herein.
The trial court stated in its reasons for judgment:
Neither side disputes the fact that [Mrs. Featherston] was performing her employment duties, to transport carnival equipment from one place to another, at the time of the accident. Her testimony confirms this fact as well....
... The plaintiffs pled and the [Mrs. Featherston] testified that the accident occurred when she was performing duties that were part of her job.... There are no genuine issues of material fact in this case.
Despite the fact that Plaintiffs amended their pleadings to retract their statement that Mrs. Featherston was working in the course and scope of her employment, we find that the record otherwise supports the trial court’s conclusion. See Dees v. National Security Fire and Casualty Insurance Co., 97-962 (La.App. 3d Cir.2/11/98), 707 So.2d 137; Argonaut Insurance Co. v. Pacific Indemnity Company, 256 So.2d 858 (La.App. 3d Cir.1972).
Plaintiffs argue that since Mrs. Featherston was transporting the trailer that she and her husband personally used *928 as sleeping quarters during the carnival season, she was not acting in the pursuit of a business interest, but a personal interest. Where the Featherstons stay during the carnival season while they are working away from home is of no consequence. Whether they stay in a motel, corporate apartments or a trailer which they transport with them does not change the fact that they cannot stay at their own home and pursue their business interest of running a traveling carnival on a daily basis. In addition, Mrs. Featherston |4stated in her deposition that the trailer is used as both sleeping quarters and an office while they are on the road.

Nowr-Listed, Vehicle Exclusion

Further, since we review the motion for summary judgment below de novo, we will address all issues raised by Continental.
The policy stated that coverage is provided only for those motor vehicles which are shown on the coverage summary. As evidenced by the record, the policy of insurance issued by Continental to the Featherstons listed in the coverage summary, a 1973 Lifetime Motor home, a 1990 Lincoln Towncar, a 1991 350 Ford pickup truck and a 1992 Plymouth Voyager. The vehicle involved in the accident, which is the subject of this suit, was a 1977 GMC tractor-trailer, which is not listed on the coverage summary. There is, therefore, no coverage under the Continental policy related to the accident which is the subject of this suit.

Non-Omied Vehicle Exclusion

Finally, we address the issue of coverage for a vehicle which is not owned by the insured. Mrs. Featherston testified in her deposition that the 1977 GMC tractor-trailer was owned by Pelican at the time of the accident. Continental’s policy, which was issued to the Featherstons, specifically stated that coverage would not be provided for any vehicle that is not owned by the policyholder or any family member if it is furnished for the regular use of the covered person. The tractor-trailer is owned by Pelican, not the Featherstons. The record indicates that Mrs. Feather-ston was furnished with the tractor-trailer for her regular use to transport a variety of equipment for the carnival entities in the course of her employment. As these supported facts fall within the ambit of the policy nonjowned5 vehicle exclusion, we find that the 1977 GMC tractor-trailer involved in the accident, which is the subject of this suit, is not covered.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Defendant, Continental Casualty Company, is affirmed. All costs are assessed to Plaintiffs, George E. Mus-grove and Kenneth J. Musgrove.
AFFIRMED.

. Michael Featherston, Connie Featherston’s husband, is the sole shareholder of Goldstar Amusements, Inc. and Pelican Transportation, Inc. (Pelican). Connie Featherston is the sole shareholder of Lee's Concessions; and, in her deposition, she admitted that she is an employee of Goldstar, Pelican and Lee's Concessions. These three companies provide the entirety of the entertainment, concessions and transportation for the traveling carnival which was being transported at the time of the accident complained of herein.

. Paragraph nine of Plaintiffs' petition states:
Petitioners show and aver, upon information and belief, that CONNIE L. FEATHER-STON either is an employee of (sic) part owner of GOLD STAR AMUSEMENTS, and as such, she was actin in the course and scope of her employment with said company, and as a result, GOLD STAR AMUSEMENTS is indebted, in solido, with CONNIE L. FEATHERSTON for the damages and injuries arising out of the accident due to the fault and negligence of CONNIE L. FEATHERSTON.