353 So.2d 1114 (1977)
Willie M. JOHNSON, Plaintiff-Appellant,
v.
OUACHITA PARISH POLICE JURY et al., Defendants-Appellees.
No. 13418.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
Rehearing Denied January 16, 1978.
*1115 Johnson & Johnson by J. Eugene Osburn, Monroe, for plaintiff-appellant.
Snellings, Breard, Sartor, Shafto & Inabnett by George M. Snellings, Jr., Monroe, for defendant-appellee Ouachita Parish Police Jury.
Robert P. McLeod and David E. Verlander, III, Monroe, for defendant-appellee, Ouachita Parish School Bd.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied January 16, 1978.
PRICE, Judge.
Plaintiff, Willie Mae Johnson, brought this action for the wrongful death of her minor son against the Ouachita Parish Police Jury, the Ouachita Parish School Board, and, for jurisdictional purposes, against the individual members of each entity.
The facts of this case reveal that on December 3, 1975, the deceased, Timothy Wayne Johnson, was on his way to his second grade class at Swayze Elementary School, a parish school just outside of Monroe, when he was hit and instantly killed by an oncoming motorist, Moses Johnson. The accident occurred at 8:14 a. m. as the seven-year-old child was attempting to cross Berg Jones Lane, a street running parallel to the front of the school.
Plaintiff was paid the liability policy limits by Johnson's insurer. She then brought suit against defendants for damages for the wrongful death of her son alleging defendants were negligent in failing to post identifiable speed limit and school signs, in failing to provide safety patrols and crosswalks, and in perpetrating any other acts of negligence which could be shown at trial. Plaintiff requested a trial by jury.
Both defendants filed motions for summary judgment supported by affidavits purporting to establish the lack of a genuine issue of material fact under La.C.C.P. Art. 966.
Affidavits of several city and parish employees were filed to confirm the accuracy of an attached hand-drawn sketch depicting an area on Berg Jones Lane extending north and south of Swayze School. The sketch shows flashing lights, crosswalks, and reduced speed limit signs south of Swayze School at Berg Jones School, crosswalks across from Swayze School, and reduced speed signs north of Swayze School.
The affidavit of Charles Johnson, principal of Swayze School, was filed asserting that the school had "watchers" who helped students cross Berg Jones Lane until school started at 8:00 a. m. He declared the deceased was late for school on the morning of the accident when he was struck by the oncoming car at 8:14 a. m.
An affidavit of Moses Johnson, the driver of the car which hit the deceased, declared that he had lived in close proximity to Berg Jones Lane for over two years preceding the accident, that he had driven this road daily for those two years, and was familiar with all schools in the area and the numerous children attending them. He averred that on the date of the accident, he was driving south on Berg Jones Lane in front of Swayze Elementary School when the deceased darted out from the east side of the road toward the school without allowing him sufficient time to stop before impact.
*1116 Plaintiff offered the opposing affidavit of Mrs. Eunice Davis who declared that she lived on Berg Jones Lane, that she was familiar with the Swayze Elementary School area, and that she knew there were no crosswalks, school crossing signs, or flashing lights in front of Swayze School on the date of the accident. Defendants question whether this affidavit, which was filed at the time of trial, is timely under La.C. C.P. Art. 966, which provides that opposing affidavits may be filed "on the day prior to trial."
Defendants also filed the deposition of plaintiff in which she contradicts the school principal's assertion that school started at 8:00 a. m.
After trial on the motions, the trial judge found that even though some facts were disputed by the opposing affidavits, the school board did not breach its legal duty, and the alleged omissions of the police jury were not the proximate cause of the accident; therefore, movers were entitled to a summary judgment as a matter of law. The court also ruled on plaintiff's request for trial by jury holding that jury trials against police juries and school boards were prohibited by La.R.S. 13:5105.
Plaintiff has appealed from the judgment dismissing her demands.
For the reasons assigned, we reverse that part of the trial court judgment sustaining the summary judgment and affirm that part denying a jury trial.
In the event the counter affidavit of Eunice Davis submitted by plaintiff is admissible, there is a dispute of material fact in regard to the existence of safety devices in the front of Swayze School where the deceased attempted to cross. On the trial of the merits the placement of warnings at points north and south of the school may be found to be completely adequate to fully comply with any duty the police jury has in this regard. However, there is some doubt created by the Davis affidavit which should only be resolved by a trial on the merits.
Although defendants contend the affidavit should not be considered because of its untimely filing, the trial judge apparently tacitly overruled defendants' motion to strike the instrument since he evaluated its effect in his written reasons for judgment. In any event we hold the filing should have been allowed as the court has the discretion to permit an opposing affidavit after the time prescribed for filing under C.C.P. Art. 966 has expired. Under the circumstances presented, the affidavit was properly considered by the trial court.
The trial judge found it immaterial whether the warning devices were present or not because the affidavit of the driver of the car which struck the deceased established that he lived in the immediate area and was fully aware of the school and the need to drive with caution. Therefore, the court concluded that the presence of additional safety devices would not have changed the driver's actions and was not the cause of the accident. This is a conclusion that should not be developed by summary judgment. Plaintiff should have the opportunity to show what effect, if any, these devices might have had to further alert an already knowledgeable driver.
The trial court further found there was no genuine issue of material fact in regard to the alleged negligence of the school board in not providing an adequate safety patrol to assist children in crossing Berg Jones Lane because the court found there was no duty by law to require the board to furnish safety patrols to assist students approaching the school.
The affidavits and deposition of plaintiff show there is a factual dispute created as to whether the accident happened before or after school had commenced. The affidavit of the school principal states school commenced at 8:00 a. m., but plaintiff's deposition expresses that she understood it to start at 8:30 a. m. Since the accident occurred at 8:14 a. m., the controverted time that school started is a material fact genuinely relating to the duty of the school board during school hours. Furthermore, the duty of the school board may not be restricted to school hours. The *1117 duty is to provide reasonable care commensurate with the risks incurred by children in this area. Facts determine the risks encountered, and although the duty of the board doesn't change, the reasonableness of the measures taken to prevent the risks, as well as the risks themselves, differ in each case, requiring the trial judge to consider the relationship between the risks and the measures taken to eliminate the risks. Sansonni v. Jefferson Parish School Bd., 344 So.2d 42 (La.App. 4th Cir. 1977).
We conclude that the affidavits of defendants when considered in relation to the opposing affidavits do not present facts which establish beyond a reasonable doubt that the school board owed no duty or that the police jury fulfilled its duty; therefore, the sustaining of the motions for summary judgment was in error.
In her petition, plaintiff prayed for a jury trial which the trial judge refused on the basis of La.R.S. 13:5105 which states: "No suit against the state or a state agency or political subdivision shall be tried by jury." On appeal plaintiff seeks to reserve her right to a jury trial against any liability insurer of defendants which may be later discovered, citing the recent Supreme Court case of Jones v. City of Kenner, 338 So.2d 606 (La.1976). While we acknowledge the holding of Jones, in the present posture of this case plaintiff has not joined any liability insurer, therefore, we do not find it appropriate or necessary to reserve this right.
The judgment rejecting plaintiff's request for a jury trial is affirmed. The judgment sustaining the motions for summary judgment on behalf of defendants, Ouachita Parish Police Jury and Ouachita Parish School Board, and dismissing plaintiff's demands against these defendants is reversed, the motions for summary judgment are overruled, and the case remanded for further proceedings consistent with this opinion and in accord with law.
Costs of this appeal are assessed to appellants equally. Assessment of all other costs shall await final determination.

ON APPLICATION FOR REHEARING
PER CURIAM.
It has been pointed out in application for rehearing that our original opinion contained an erroneous assessment of the cost of appeal. As the Ouachita Parish School Board and the Ouachita Parish Police Jury are exempt from the payment of such cost by law, and as plaintiff was the successful litigant on appeal there shall be no assessment of cost for the appeal in this matter.
Rehearing denied.