377 So.2d 397 (1979)
Willie M. JOHNSON, Plaintiff-Appellant,
v.
OUACHITA PARISH POLICE JURY et al., Defendants-Appellees.
No. 13944.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
*398 Johnson & Johnson by Don H. Johnson, Monroe, for plaintiff-appellant.
Law Offices of Robert P. McLeod by David E. Verlander III, Monroe, for defendants-appellees, Ouachita Parish School Board and Its Members.
Snellings, Breard, Sartor, Inabnett & Trascher by George M. Snellings, Jr., Monroe, for defendant-appellee Ouachita Parish Police Jury.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
This appeal presents for review the correctness of the trial court's determination that neither the Ouachita Parish School Board nor the Ouachita Parish Police Jury was guilty of any negligence which was a proximate cause of the death of plaintiff's seven-year-old son, who was struck by a motorist while attempting to cross Berg Jones Lane on his way to Swayze Elementary School. We find no error in the trial court's judgment and affirm for the reasons assigned herein.
This matter has been before this court on appeal from a judgment sustaining defendant's motion for summary judgment. In an opinion reported at 353 So.2d 1114 (La.App. 1978) this court found there were disputed issues of fact which precluded this disposition of the matter by summary judgment and remanded to afford plaintiff a trial on the merits of her claim that the death of the child was due to defendants' breach of their duties to provide proper safeguards for the safety of students walking to Swayze Elementary who must cross the heavily traveled Berg Jones Lane.
The Swayze Elementary School is situated on the west side of Berg Jones Lane just south of the corporate limits of Monroe in Ouachita Parish. The section of Berg Jones Lane pertinent to this litigation is a two-lane, black-top road which is under the maintenance jurisdiction of the Ouachita Parish Police Jury. Swayze Elementary School is a public school under the jurisdiction of the Ouachita Parish School Board.
On the morning of December 3, 1975, plaintiff's son, Timothy Johnson, walked from the family residence on the east side of Berg Jones Lane toward the Swayze school. At a point across from the front of the school, he attempted to dart across the street to get to the school grounds and was struck by a southbound automobile driven by Moses Johnson.
After receiving a compromise settlement from Johnson's liability insurer, plaintiff filed this action for damages for the death of her son against the police jury and the school board contending both were negligent in the following respects: (1) in failing to post signs adequately warning motorists of the presence of the school and the reduced speed zone; (2) in failing to provide crosswalks; and (3) in failing to provide safety patrols to insure small children would safely cross the street to the school.
The trial court found that any duty to provide traffic control devices rested solely upon the police jury, and that the jury was within a minimum compliance of the standard required of it. The court further found that the presence or lack of warning signs was immaterial in this instance as the sole proximate cause of the accident was the negligence of Moses Johnson.
The court also found that if there was a duty owed by the school board to furnish school crossing guards, this duty did not extend beyond the commencement of school, and therefore, the board was not negligent.
The disputed facts as resolved by the trial court from the conflicting testimony are as follows: Moses Johnson was traveling at a speed of approximately 45 miles per hour and was looking at an automobile in the school drive to his right when the child ran into his path from behind a parked bus on the opposite side of the street. He was aware of the presence of the school zone as he lived in the immediate vicinity and had frequently traveled this route. There was in place on the date of the accident a diamond-shaped sign of minimum size facing traffic approaching in the direction in *399 which Johnson was traveling, warning motorists of the school and the reduced speed limit of 15 miles per hour. A crosswalk had been marked by police jury employees on the surface of the road in front of the school. This work was done at the beginning of school in September and had become somewhat dim by the date of the accident.
The school provides student crossing guards who were present on the date of the accident. The student guards were required to leave at the beginning of school which was found to commence at 8:00 a.m. and were not present at the time of the accident which was found to have happened at 8:14 a.m.
While plaintiff contends the court was in error in its findings as summarized above, we find the preponderance of the evidence supports these factual conclusions which are not manifestly erroneous or clearly wrong.
In light of these factual circumstances plaintiff has not shown that either defendant was guilty of a breach of duty which was a legal cause of the accident causing the death of her son.
The testimony of Moses Johnson shows he was late for work and had a woman passenger in his automobile who was suffering with an asthma attack. These two factors apparently caused him to fail to use the standard of care required of a motorist passing a school zone even though he was knowledgeable of its existence. He also admits having observed the school-reduced speed sign on other occasions and was aware of the reduced speed zone. Therefore, the presence of any additional warning devices, which plaintiff urges should have been erected by the police jury under the traffic conditions known to exist, would not have prevented this accident, and any dereliction of duty in this respect would not have been a cause-in-fact of the death of plaintiff's son.
See Carmouche v. State, Through Dept., Etc., 360 So.2d 1374 (La.App. 3d Cir. 1978) and Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So.2d 267 (La.App. 4th Cir. 1979), writ refused 371 So.2d 1343 (La.1979).
It is apparent that the only safety measure which might have been effective to prevent this accident would have been the presence of school crossing guards at the time of its occurrence. Plaintiff contends the school board was negligent in failing to provide this protection to her son.
We have been cited no authority by plaintiff which imposes a duty on the school board to employ adult crossing guards on public streets. Plaintiff has referred to provisions of the Traffic Control Service Manual, developed by the Louisiana Department of Highways pursuant to the mandate of Act 310 of 1962 which is made effective on local government by La.R.S. 33:1236(28). From our examination of the provisions of this manual it is contemplated that only police authorities have the power and responsibility to employ adult school crossing guards. There is a section of the manual directing the approved use of student crossing guards who only assist children in crossing, but do not direct traffic. This function, if utilized, is under the direction of the individual school principal and must be approved by the school board.
The manual is permissive in this regard and places no legal duty on a school to provide a student guard patrol. Swayze school did provide student guards with proper colored vests and caps during the period from 7:45 through 8:00 a.m.
Since there is no specific statutory authority imposing such a duty on the school board, plaintiff argues the board owes the obligation to furnish crossing guards under its general duty to protect children under its supervision. The Louisiana cases cited in support of this argument all concern children on the school premises or being transported by the school or involved in a school-related function. We are not aware of any case in this state placing an absolute duty on a school board to furnish crossing guards.
The decision in Florence v. Goldberg, of the New York Court of Appeal, 44 N.Y.2d 189, 404 N.Y.S.2d 583, 375 N.E.2d 763 (1978), cited and relied on by plaintiff is not apposite to the facts of this case as the liability in the cited case was determined on *400 a reliance on school crossing guards which were regularly furnished by the city police department and were absent on the day when the plaintiff's child was injured attempting to cross the street. There is no claim by plaintiff in this instance that she relied on or was even aware that student guards were ever used by the Swayze school.
In any event, it would appear that should there be a duty under the general law, that it should not extend beyond a reasonable time after the commencement of school. The accident in this case occurred fourteen minutes after the time found by the trial court for the beginning of school. The evidence shows the homeroom class activities had begun and no students were seen lingering on the school grounds at the time. We therefore find, as did the trial court, that any duty which might have been owed by the board in relation to crossing guards had terminated by the time of the accident.
For the foregoing reasons, we find the trial court was correct in holding that the sole cause of the death of plaintiff's son was the negligence of the speeding and inattentive driver, Moses Johnson.
The judgment rejecting plaintiff's demands is affirmed.