538 So.2d 1156 (1989)
Donald LeBLANC, Patricia C. LeBlanc, et al.
v.
JANI-KING, INC., and ABC Insurance Company.
No. CA 8857.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Rehearing Denied March 15, 1989.
Craig J. Hattier, New Orleans, for plaintiffs.
James L. Selman, II, John M. Holahan, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Charles W. Schmidt, III, Christovich & Kearney, New Orleans, for defendants.
Before LOBRANO and ARMSTRONG, JJ., and HUFFT, J. Pro Tem.
*1157 ARMSTRONG, Judge.
This lawsuit arises out of a slip and fall accident which occurred on August 24, 1982, involving the plaintiff, Donald LeBlanc. At the time of the accident, LeBlanc was employed as a checker for New Orleans Marine Contractors, ("NOMC") and was working inside a huge warehouse or consolidation shed owned by the Board of Commissioners for the Port of New Orleans, ("the Board"). LeBlanc had worked full-time without any incidents for two and one-half years.
LeBlanc suffered a slight concussion and injury to the neck and back as a result of his fall. He underwent extensive medical treatment and surgery for a ruptured disc of the neck. His doctors contemplate that additional surgery will be needed. To recover for his injuries LeBlanc sued Jani-King of New Orleans, Inc., ("Jani-King") for their negligence in allowing a cleaning solution to leak onto the floor of the shed while performing janitorial duties in the lavatory or rest area, the Board for strict liability and/or negligence arising out of the sinking condition of the floor of the shed where the accident occurred and J. Young and Company, Inc. for negligence and/or strict liability in leasing defective equipment which leaked oil onto the floor of the premises where this accident occurred. The City of New Orleans and the Sewerage and Water Board were named as defendants but were dismissed since they had no ownership or other relationship to the facility in question. J. Young and Co. was dismissed pursuant to a motion for summary judgment premised on the fact that it had not leased equipment located on the premises at the time LeBlanc's accident occurred.
After a month long trial the jury returned a verdict in favor of the defendants and the court rendered judgment for the same. On appeal, LeBlanc raises four assignments of error, 1) that the trial court erred in failing to grant plaintiff's request for a Judgment Notwithstanding the Verdict, 2) that the jury erred in its verdict as the great weight of evidence was overwhelmingly in plaintiff's favor, 3) that the trial court's jury instructions and jury interrogatories were manifestly erroneous and 4) that the trial court erred in failing to grant plaintiff's Motion in Limine and allowing testimony to be introduced which extremely prejudiced the jury. In addressing LeBlanc's second assignment of error, whether the evidence is sufficient to support the jury verdict, we can dispose of this appeal without having to consider whether the trial court erred in any procedural way.
LeBlanc argues that this case turns on whether the jury concluded that he slipped in oil as opposed to water. If LeBlanc slipped in oil, which leaked from a piece of heavy equipment in LeBlanc's work area then LeBlanc has no recovery in tort. The heavy equipment is owned, operated and maintained by LeBlanc's employer, NOMC, who is immune under the worker's compensation statute. However if LeBlanc slipped on water then either one or both defendants could be liable.
Testimony by employees of Jani-King establishes that the lavatory was cleaned the night prior to LeBlanc's accident. The walls and floors were scrubbed with bleach and rinsed off with a hose. Defendant, Jeff Steward, observed that the floor drain in the lavatory was draining very slowly. The next morning, employees of NOMC arrived to find a trail of water running about 100 feet from the lavatory to the middle of the floor. The water accumulated in the center of the floor of the consolidation shed where it damaged rolls of paper that were stored there. The water covered an area 60 X 40 feet and was 4-6 inches deep and clear in color.
The floor had been sinking over a period of years because it lacked inner pilings. The Board was aware of the problem, at least since 1980 when NOMC began leasing the shed. At that time the cost of repair was estimated to be about $125,000 but no action was taken to remedy the problem.
Having reviewed the evidence, we find no testimony claiming that there was oil in the area where LeBlanc worked. Nor did anyone observe any equipment used in that area leaking oil. The only suggestion that LeBlanc slipped in oil came from the *1158 plaintiff himself. NOMC had a problem with its machines occassionally leaking brake fluid or hydraulic fluid so it was customary to lay sawdust in the working area to absorb the spills. When LeBlanc slipped and fell on the morning of his injury he was stunned and observing that his clothing was soiled with a dirty as opposed to clear substance he assumed he slipped on oil. Chemical tests were performed on LeBlanc's pants and no oil was detected. The testimony from three experts was consistent that in their test for hydrocarbon organic material no brake fluid or hydraulic fluid was found. The evidence supports the conclusion that LeBlanc slipped in water.
The evidence also supports a finding that defendants Jani-King and the Board were negligent in allowing this water to accumulate on the consolidation floor. Steven and Jeff Steward, employees of Jani-King, testified that they did not know the water was running onto the consolidation floor because the consolidation shed was not lit and it was about 10 o'clock at night. They observed the trail of water the next day when they returned to inspect the work they performed. By that time LeBlanc had already been injured. NOMC notified the Board in writing on several occasions regarding the need to repair the consolidation shed floor. Not only was it inclined, but it was exceedingly slick. Physics expert, Dr. Oscar Franklin, testified that the drag co-efficient friction measurement of this trowled cement surface was a mere .5, which is the minimum measurement for a walking surface. With the addition of a cleaning solution the measurement dropped dramatically, making the surface unacceptable for walking.
However, defendants insist that LeBlanc's accident was not a result of the accumulated water in the depression of the consolidation shed. LeBlanc slipped and fell in the area where he worked which was some 10-15 feet away from the water accumulation. Both defendants rely on the doctrine of intervening and superceding cause to argue that they are not liable even if they can be found negligent. When the water puddle was discovered the morning of LeBlanc's accident, coopers employed by NOMC were dispatched to sweep the water toward the rail side of the shed and over the edge of the apron outside. In this way the water was swept into LeBlanc's work area. When work commenced LeBlanc slipped and fell on the slick, wet floor. Defendants argue that NOMC's sweeping the water outside was inappropriate and the proper way to clean up the water would have been to absorb it in order to provide a dry work area for its employees.
Thus this case actually turns on whether NOMC's sweeping of the water into LeBlanc's work area constituted an intervening cause which is deemed superceding. In Hessifer v. Southern Equipment, Inc., 416 So.2d 368 (La.App. 1st Cir. 1982), an explanation was offered of what constitutes a superceding intervening cause or simply an intervening cause that is characterized as concurrent. Hessifer uses language quoted from Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1979), which was in response to a certified question from the U.S. Fifth Circuit Court of Appeals; a superceding, intervening cause is "the sole `legal' cause or `responsible' cause, as distinguished from a `cause-in-fact'"...
It is true that defendants' allowing the negligent accumulation of water was a cause-in-fact of LeBlanc's accident, however the responsible cause was NOMC's sweeping of that water into LeBlanc's work area. Thus, because the fault of NOMC superceded any fault of the defendants, the fault of NOMC is the sole legal cause of LeBlanc's injury. In so far as the jury's verdict found that defendants were not liable for LeBlanc's injury it is supported by the evidence.
LeBlanc relies on Dixie Drive It Yourself v. America Beverage Company, 137 So.2d 298, 242 La. 471 (1962) and Waggenspack v. NOPSI, 297 So.2d 733 (La. 4th Cir.1974) to argue that where an accident is forseeable the original tortfeasor remains liable notwithstanding the intervening cause. In these cases the court specifically recognized that the intervening cause was one of concurrent negligence and was not *1159 the legal or responsible cause of the accident. In this respect they are distinguishable from the facts before us.
For the foregoing reasons, the decision of the trial court is affirmed.