584 So.2d 362 (1991)
Stephanie SUTTON, individually and as the Natural Tutrix of Her Minor Son, Peter Sutton
v.
Wilfred DUPLESSIS and the Orleans Parish School Board.
No. 90-CA-1819.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1991.
*363 Law Office of Ronnie G. Penton, Kathy Conn Alford, Bogalusa, for plaintiff-appellant Stephanie Sutton.
Trevor G. Bryan, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendantsappellees Wilfred Duplessis and Orleans Parish School Bd.
Miles Trapolin, Trapolin & Coleman, New Orleans, for intervenor-appellant the Louisiana Dept. of Health and Hospitals, in behalf of Charity Hosp. of Louisiana at New Orleans.
Before KLEES, CIACCIO and BECKER, JJ.
KLEES, Judge.
Plaintiff Stephanie Sutton filed this suit against Wilfred Duplessis and the Orleans Parish School Board on behalf of her minor son, Peter Sutton, who was injured in an automobile accident after he left school on November 14, 1986. On that date, school was dismissed at 11:00 a.m. so that the student's parents could pick up their children's report cards that afternoon, as was school policy. Peter's mother, who usually walked six-year-old Peter and his five-year-old *364 brother home from school, did not show up that day to get them. Peter's teacher then sent Peter and his brother to the principal's office to wait for their mother. The two children sat in the waiting area of the office with the principal's secretary, who sat behind a counter and did her work. The children were told not to leave the office. However, Peter saw his friend Henry Adams and Henry's mom walking by and got up to follow them, unnoticed by the secretary. Peter followed them to Henry's home, which was across the street and down the block from school.
When Mrs. Adams realized Peter was with them, she told Peter he had to return to school because she and Henry were going out, and Peter's mother would be waiting for him at school. As Mrs. Adams and Henry were getting into their parked car, Peter darted into the street and ran into the front left side of a car being driven by Mr. Duplessis. Mr. Duplessis is a physical education teacher employed by the Orleans Parish School Board who was going to Peter's school for a conference with some parents.
Peter suffered a broken leg and was treated at Charity Hospital. Mrs. Sutton filed suit individually and on behalf of Peter against the Orleans Parish School Board and Mr. Duplessis. Charity Hospital intervened to recover its medical bills.
The case was tried on November 27-28, 1989. The trial judge attributed 60% of the negligence which caused Peter's injury to Mrs. Sutton and 40% to the Orleans Parish School Board.[1] Accordingly, the trial court issued judgment: (1) In favor of Wildred Duplessis against plaintiff; (2) In favor of plaintiff against the Orleans Parish School Board in the amount of $10,000.00 in general damages, to be reduced by 60% reflecting the negligence of Mrs. Sutton; (3) In favor of Stephanie Sutton individually against the Orleans Parish School Board in the amount of $4,500.00 for medical expenses, also to be reduced by the degree of negligence attributable to Mrs. Sutton; and (4) In favor of Charity Hospital of New Orleans against the Orleans Parish School Board and Stephanie Sutton, recognizing the statutory lien held by Charity for $4,127.31, and awarding Charity reimbursement up to this amount from the medical expenses awarded to Stephanie Sutton.
Plaintiff has appealed claiming that the trial court erred: (1) in reducing Peter's general damage award by the percentage of his mother's negligence; (2) in failing to find any negligence on the part of Mr. Duplessis; and (3) in assigning 60% negligence to Mrs. Sutton. Defendants have responded by contending that the judgment should be affirmed, but the 60% fault attributed to Mrs. Sutton should instead be attributed to Peter himself. Charity Hospital has filed a separate appeal contending that the trial judge erred in reducing the award for medical expenses by 60% and in ruling that Charity's lien must be satisfied out of that award, exclusive of Peter's general damage award.
For the following reasons, we reverse the trial court's finding of 60% liability on the part of Mrs. Sutton, and instead find the negligence of the Orleans Parish School Board to be the sole cause of Peter's injury. We affirm the judgment of the trial court in all other respects.
Considering the facts, the trial judge's finding of liability on the part of Mrs. Sutton is clearly erroneous. Mrs. Sutton testified that she was unaware that school was to be dismissed early on November 14th. She was at home watching T.V. at 11:00 a.m. and was planning to pick up Peter and his brother at the usual dismissal time, 2:30 p.m. There was testimony from school personnel that a notice had been sent home on *365 Monday on the weekly homework assignment informing the parents of the early dismissal on Friday and the fact that parents would be required to pick up their children's report cards Friday afternoon. Mrs. Sutton stated that she never received such a notice. Peter himself could not remember whether he had brought home the homework assignment, but he thought his little brother had told his mother about the early dismissal.
In his Reasons for Judgment, the trial judge noted that he assigned 60% negligence to Mrs. Sutton because he did not believe her testimony that she had not received notice of the school's early dismissal. He indicated that Mrs. Sutton should have inquired as to why Peter did not come home with a weekly homework assignment that Monday. He went on to state:
Moreover, the Court finds it incredible that Mrs. Sutton is more interested in sitting home looking at her soap operas than in showing an interest in her children and their school by participating in their school activities and by trying to set a proper role model by reading instead of spending her time glued to the soap operas. Perhaps one of the problems with the public school system is that there are too many parents like Mrs. Sutton who exhibit poor parenting techniques, behavior that is poor role modeling and generally showing a lack of interest in their children's school activities.
For these reasons the Court assigns a comparative negligence percentage of 60% to Mrs. Sutton....
The trial judge's reasons for assigning 60% negligence to Mrs. Sutton are seriously flawed. Whether or not Mrs. Sutton took an interest in her child's schooling is not relevant to a determination of what caused Peter's accident. Moreover, we find that Mrs. Sutton's failure to show up, for whatever reason, is not a legal cause of this accident.
Negligence is actionable only where it is both a cause in fact and a legal cause of the injury. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs, and such relation must be substantial in character. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980) (Citations omitted; emphasis added). In the instant case, Mrs. Sutton's failure to pick up her sons does not bear a proximate relation to the harm that befell Peter; in fact, her omission, especially when compared with the negligence of the school board is too attenuated from the accident to be considered a proximate cause of Peter's injury.
A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred. Sumrall v. Aetna Casualty & Surety Co., 124 So.2d 168, 176 (La.App. 2d Cir.1960); Rossiter v. Aetna Casualty & Surety Co., 255 So.2d 103, 107 (La.App. 2d Cir.1971); Larkin v. United States Fidelity and Guaranty Co., 258 So.2d 132, 136 (La.App. 2d Cir.1972). When an accident results from two acts of negligence, one more remote and one an intervening cause, the presence of the intervening cause prevents a finding of liability on the one responsible for the more remote cause. Rose v. State Farm Mutual Auto Ins. Co., 468 So.2d 833, 837 (La. App. 1st Cir.1985) writ denied, 474 So.2d 1307 (La.1985). (Citations omitted).
In this case, we find that the negligence of the Orleans Parish School Board was an intervening cause which superseded any negligence on the part of Mrs. Sutton, and was the sole legal cause of Peter's injury. Cf: LeBlanc v. Jani-King, Inc., 538 So.2d 1156, 1158 (La.App. 4th Cir.1989, writ denied, 542 So.2d 1390 (La.1989), cert. denied, 493 U.S. 995, 110 S.Ct. 548, 107 L.Ed.2d 544. The possibility that parents occassionally will not show up on time to get their children at dismissal, whether it be an early dismissal or a regular one, is certainly foreseeable by school authorities. Therefore, the school must have a policy to insure that younger students, such as Peter, are properly supervised and do not leave the school unattended.
*366 In the instant case, Cynthia Bryant, a ranking teacher who functioned as assistant principal at Peter's school, testified that when parents are late, the students are sent to the office to call their parents, and they remain in the office until a parent comes or until the office personnel leave, at which time the police or child abuse agency is called to come get the children. On the day of the accident, Peter and his brother were alone in the office with a secretary whose primary responsibility was her secretarial work. The children sat in an outer section of the office separated from the secretary by a counter. Although the children had been told not to leave, the outer door was apparently open, and Peter testified that he saw his friend Henry Adams in the hall and he was trying to make the secretary understand that he wanted to go home with Henry. The secretary told him no, but when she turned her back to do her work, Peter left.
Under the circumstances, the school authorities should have foreseen that a six-year-old might disobey orders not to leave, especially when he realized that no adult was actually watching him. The school board has a duty to provide reasonable supervision commensurate with the age of the children under the attendant circumstances. See Patterson v. Orleans Parish School Board, 461 So.2d 386, 387 (La.App. 4th Cir.1984); Lanehart v. Orleans Parish School Board, 524 So.2d 138, 140-41 (La.App. 4th Cir.1988). As the trial judge stated: "It is apparent that the School Board had no procedures to care for those students like Peter whose parents had failed to pick them up early on the day of report card conferences."[2] In this case, reasonable supervision would require at the very least a teacher or other adult assigned specifically to watch these students. The fact that Peter was able to leave the school grounds alone, unnoticed by any school authority, is the sole legal cause of his injury.
In so holding, we reject defendant's contention that Peter himself was guilty of negligence to the degree of 60% in causing his own injury. Although we recognize that children can be guilty of negligence, Peter acted in an expectable manner for a six-year-old.
We also reject plaintiff's argument that Wilfred Duplessis was guilty of negligence contributing to the accident. Our review of the record reveals no manifest error in the trial judge's determination that Mr. Duplessis was not at fault in the accident. Testimony from Mr. Duplessis himself, from Mrs. Adams, who witnessed the accident, and from the police officer who investigated the accident all established that Mr. Duplessis was not exceeding the speed limit. The testimony also showed that Peter darted out suddenly between two parked cars and actually ran into the side of Mr. Duplessis' vehicle. Under these circumstances, we cannot reverse the trial judge's finding that Mr. Duplessis was not negligent.
In view of our holding, we need not address the issue of whether Charity Hospital's bill may be paid out of Peter's general damage award, because the total amount of bill, $4127.31, will be covered by the $4,500 in medical expenses awarded to Mrs. Sutton against the Orleans Parish School Board.
Accordingly, we reverse that portion of the trial court's judgment which reduces plaintiff's general damage award and Mrs. Sutton's award for medical expenses by 60% to reflect the degree of her own negligence; we find the Orleans Parish School Board 100% responsible for plaintiff's damages; and we affirm the trial court's judgment in all other respects.

REVERSED IN PART AND AFFIRMED IN PART.
CIACCIO, Judge, concurs.
I concur in the result. I do not find that the actions of Stephanie Sutton were a cause in fact of the accident. The School Board had custody of the child and the duty to reasonably provide for his safety regardless of the actions of the mother. I *367 find that the School Board's negligence was the sole cause in fact of Peter's injuries.
NOTES
[1] In his Reasons for Judgment, the trial judge stated that he was assessing negligence in the amount of 60% to Mrs. Sutton, 20% to the Orleans Parish School Board, and 20% to Mrs. Adams, mother of Peter's friend Henry. He then stated: "However, since Mrs. Adams was not sued and the degree of negligence to her is not greater than that assigned to the Orleans Parish School Board, the Orleans Parish School Board must respond to the plaintiffs for 40% of the judgment rendered." We do not agree with the trial judge's finding that Mrs. Adams is liable as a "good samaritan" or "rescuer" under the facts of this case. However, as this finding was not made part of the judgment below, we need not address the issue.
[2] See Reasons for Judgment, p. 4., attached.