626 So.2d 901 (1993)
Jeff and Reva GARY, on Behalf of Their Minor Child, Tracy GARY, Plaintiffs-Appellants,
v.
Ross S. MECHE, et al., Defendants-Appellees.
No. 93-271.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*902 Sera Hearn Russell III, Lafayette, Stewart McCaa Thomas, Jennings, for Jeff and Reva Gary, etc.
Gina Marie Bradley Tuttle, Opelousas, for Jefferson Davis Parish School Bd.
Richard Martin Arceneaux, Jennings, for Town of Welsh.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
DOMENGEAUX, Chief Judge.
At issue in this appeal is the liability of the Town of Welsh and the Jefferson Davis Parish School Board for injuries sustained by Tracy Gary, a first grade student who was hit by a car after dismissal from school. Jeff and Reva Gary filed suit on behalf of their minor child, Tracy, against the Town and the School Board, as well as against the driver, owner, and insurer of the vehicle involved in the accident. The Town and the School Board were dismissed on an exception of no cause of action, and the remaining parties reached a compromise agreement. The plaintiffs appealed the trial court's ruling on the exception and we reversed and remanded. See Gary v. Meche, 577 So.2d 833 (La. App. 3d Cir.1991), writs denied, 581 So.2d 692, 695 (La.1991).
On remand, the trial court granted a judgment of involuntary dismissal in favor of the Town, and, after taking the matter under advisement, ruled in favor of the School Board on the merits of the plaintiffs' claims. The plaintiffs perfected this appeal. We now affirm in part, reverse in part, and render.

FACTS
The Gary family lived directly across the street from Welsh Elementary School. On November 14, 1986, students at the elementary school were dismissed at 3:00, and Tracy Gary, a first grader, ran home. She did not wait for her mother, who was usually present to help her cross the street. She did not wait for her older siblings who were returning home at the same time. Instead, six year old Tracy ran out of the school yard, between two parked cars, and into the street, whereupon she collided with the side of a pickup truck.
As a result of this accident, Tracy sustained injuries to her left foot which have resulted in permanent scarring and the misalignment of three toes, a condition which is correctable. Additionally, four of Tracy's baby teeth had to be pulled as a result of facial and jaw injuries.
The evidence in the record does not reveal any acts of negligence or fault on the part of the driver of the pickup truck, a 15 year old high school student. He testified that he was travelling 15 miles per hour; he was familiar with the area and knew that he was in a school zone. He did not see Tracy until she ran into his truck. She ran out from between two parked cars, and he testified that he knew of nothing he could have done to avoid the accident. An eye witness also stated that the accident was unavoidable.
Concerning the actions or inactions of the School Board and the Town of Welsh, the record reveals that the elementary school had no supervision policy for its students once classes were dismissed, and neither the Town nor the School Board employed crossing guards to assist students in returning home after dismissal. Further, the plaintiffs alleged that an unsafe situation was created by the absence of a fence around the school yard and the presence of parked cars along the street just outside the school yard, a situation that allowed children to disperse randomly into the street between the parked cars. The evidence in the record does reveal that the area where the accident occurred was marked as a school zone and the speed limit was enforced by police officers.
At the close of the plaintiffs' case, the trial court granted a judgment of involuntary dismissal in favor of the Town of Welsh. The court found the plaintiffs had failed to prove any basis for the Town's liability and the plaintiffs' suit against the Town was therefore dismissed. After the School Board presented its defense, the trial court again ruled against the plaintiffs, finding the Discretionary *903 Acts Statute, La.R.S. 9:2798.1(B),[1] immunized the School Board for failing to fence the school yard, and further finding no duty to reasonably supervise students after school hours.

ANALYSIS
We agree with the trial judge's conclusion that the plaintiffs failed to prove a basis for liability on the part of the Town of Welsh. Essentially, the plaintiffs urged the trial court to find liability merely because cars were parked near the school and no crossing guard was present. The plaintiffs failed to show that such conditions were unreasonably hazardous in this instance or constituted a breach of a duty on the part of the Town. Accordingly, we affirm the trial court's ruling in favor of the Town of Welsh.
Concerning the liability of the School Board, the trial court and the parties focused primarily on the absence of a fence around the school yard and whether the School Board's failure to install a fence was a discretionary act for which liability cannot be imposed, pursuant to La.R.S. 9:2798.1. The trial judge specifically found that the Discretionary Acts Statute immunized the School Board "from its negligence, if any, in failing to fence the school grounds."
Additionally, the trial judge addressed other acts of negligence and concluded that the School Board had no duty to provide reasonable supervision after school hours or to employ crossing guards on public streets. The trial judge opined, "It is the responsibility of the parents to see that their children arrive home safely."
In reaching these conclusions, the trial judge failed to consider the well-established principle in this state that a school board has the duty to provide reasonable care commensurate with the risks incurred by the children in its custody. See, for example, Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La.App. 2d Cir.1977).[2]
The duty to supervise children has been articulated numerous times. In Comeaux v. Commercial Union Ins. Co., 269 So.2d 500 (La.App. 4th Cir.1972), the court stated, "Reasonable, competent supervision commensurate with the age of the child and the attendant circumstances is sufficient." 269 So.2d at 502. In Drueding v. St. Paul Fire & Marine Ins. Co., 482 So.2d 83 (La.App. 4th Cir.1986), the same court explained:
Also well established in school-related accident cases is the rule that supervising teachers must follow a reasonable standard of care commensurate with the age of the children under the attendant circumstances, and liability is imposed only where there is a causal connection between the lack of supervision and the accident that could have been avoided by the exercise of the required degree of supervision. [Citations omitted.] Where a child is exposed to an unreasonable risk of harm and suffers injury, liability will result. [Citations omitted.]
482 So.2d at 86.
Similar language was used by this court in the recent case of Glankler v. Rapides Parish School Board, 610 So.2d 1020 (La.App. 3d Cir.1992), writ denied, 614 So.2d 78 (La. 1993). In Glankler, this court found that the injured child had been reasonably supervised, but the school board was nonetheless negligent in allowing the child to use a swing that posed an unreasonable risk of harm to small children. By contrast, in Patterson v. Orleans Parish School Board, 461 So.2d 386 *904 (La.App. 4th Cir.1984), the school board was also found to have reasonably supervised the injured child, and no other negligence was found; the court found no liability on the part of the school board because only constant and unremitting scrutiny would have prevented the accident, a standard which is not required by the jurisprudence.
In support of their contention that the School Board had a duty to reasonably supervise Tracy Gary after her dismissal from school, the plaintiffs have cited two Fourth Circuit cases, Barnes v. Bott, 571 So.2d 183 (La.App. 4th Cir.1990), writ denied, 573 So.2d 1141 (La.1991), appeal after remand, 615 So.2d 1337 (La.App. 4th Cir.1993), writ denied, 619 So.2d 546 (La.1993), and Sutton v. Duplessis, 584 So.2d 362 (La.App. 4th Cir. 1991). The victim in Barnes was a six year old who was killed by a car while crossing a street on his way home from school. The crossing guard employed by the city had not shown up for work that day, and the school failed to provide an alternative plan for the children's safety in crossing the street. The victim in Sutton was again a six year old who was injured when hit by a car; his mother had failed to pick him up from school after an early dismissal. In neither case was negligence or fault assigned to the child or his parents. Both Barnes and Sutton reiterated a school board's duty to reasonably supervise young students. Neither restricted this duty to school hours. (See also Johnson, supra, 353 So.2d 1114.) In Barnes, the school board was found to have breached this duty by failing to adopt procedures which would either insure the crossing guard's presence or provide an alternative plan for assisting the children in crossing the street. In Sutton, the school board was found to have breached its duty by failing to insure that young children do not leave school unattended. The Sutton court stated:
The possibility that parents occasionally will not show up on time to get their children at dismissal, whether it be an early dismissal or a regular one, is certainly foreseeable by school authorities. Therefore, the school must have a policy to insure that younger students, such as Peter, are properly supervised and do not leave the school unattended.
* * * * * *
Under the circumstances, the school authorities should have foreseen that a six-year-old might disobey orders not to leave, especially when he realized that no adult was actually watching him. The school board has a duty to provide reasonable supervision commensurate with the age of the children under the attendant circumstances. [Citations omitted.] As the trial judge stated: "It is apparent that the School Board had no procedures to care for those students like Peter whose parents had failed to pick them up early on the day of report card conferences." In this case, reasonable supervision would require at the very least a teacher or other adult assigned specifically to watch these students. The fact that Peter was able to leave the school grounds alone, unnoticed by any school authority, is the sole legal cause of his injury.
584 So.2d at 365-366. [Footnote omitted.]
This jurisprudence establishes a clear policy that a school board must reasonably supervise the young children in its care. The question in the instant case is whether Tracy Gary was reasonably supervised by the Jefferson Davis Parish School Board. The plaintiffs contend that she was not. The School Board does not agree that such a duty exists and did not present any evidence showing that any supervision was carried out. Nor did the School Board present any justification for its failure to implement a supervision policy.
The record does reveal, however, that the School Board had the authority to supervise and that certain supervisory measures were feasible.[3] For instance, subsequent to the accident, a fence was built around the school yard. Also subsequent to the accident, the school implemented a policy whereby all kindergarten *905 and first grade students who did not take the bus home had to be picked up from a designated place on the school grounds. Finally, the record shows that at the time of the accident, which was after dismissal for the day, the principal was "on duty" in the building, but there was no one similarly "on duty" in the school yard.
Given these circumstances, we find the School Board liable for abdicating its responsibility to reasonably supervise its youngest students. In reaching this conclusion, we need not determine the appropriate method of supervision, for that is not within our province. Rather, we simply hold, as did the Fourth Circuit in the Sutton case, that the School Board has a duty to provide reasonable supervision commensurate with the age of the children under the attendant circumstances. Specifically, the school must have a policy to insure that young children, such as Tracy Gary, do not leave the school unattended. Because the School Board breached this duty, it is liable for Tracy Gary's injuries. We agree, however, with the trial judge that the failure to construct a fence and the failure to utilize crossing guards do not, in and of themselves, impose liability on the School Board.
Given the School Board's abdication of its responsibility to supervise its students, we find that the Discretionary Acts Statute cannot immunize the School Board for its inaction. See Fowler v. Roberts, 556 So.2d 1 (La.1990), on rehearing.

DAMAGES
Tracy Gary's damages are not severe. Her left foot is scarred and her toes are slightly out of alignment because of a tightening of the skin and the loss of some tissue, a condition which can be surgically improved or which Tracy herself can correct with weight control. Tracy did not testify but her parents testified that she does at times experience some pain in the foot. While Tracy does have some permanent disability, it does not appear to be severe. For instance, in addition to achieving a proper body weight, Tracy should refrain from participating in certain varsity sports such as girls' basketball, volleyball, or soccer. The extreme pain she experienced in the few months following the accident and the facial injuries which have now resolved were undisputed. Given these injuries, we believe general damages in the amount of $20,000.00 are reasonable.
Future medical expenses were estimated at $6,300.00 by the defendants' expert plastic surgeon. By contrast, the plaintiffs' plastic surgeon estimated future medical care at $9,000.00 to $60,000.00, depending upon Tracy's lifetime course of recovery. We find the defendants' expert physician to be more credible on the subject of future care, given the lack of any evidence of ongoing problems requiring medical treatment. Accordingly, we will award $10,000.00 in future medical expenses, which represents the need for one surgical procedure and foreseeable future care. The plaintiffs are also entitled to $5,795.72 in past medical expenses.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered. That portion of the judgment whereby the Town of Welsh was dismissed is affirmed, and the dismissal of the Jefferson Davis Parish School Board is reversed. The Jefferson Davis Parish School Board is liable for the damages incurred by the plaintiffs, totalling $35,795.72, with legal interest from the date of judicial demand. Costs are assessed to the Jefferson Davis Parish School Board.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] La.R.S. 9:2798.1(B) provides:

Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
[2] In Johnson, the plaintiff was the mother of a seven year old who was killed while crossing a street on the way to school. On appeal after remand, see Johnson v. Ouachita Parish Police Jury, 377 So.2d 397 (La.App. 2d Cir.1979), writ denied, 378 So.2d 1375 (La.1979), the court addressed the question of a school board's duty to provide for the safety of its students. The court found that only the presence of a crossing guard could have prevented this accident, but given the fact that the accident occurred 14 minutes into the start of the school day (i.e., the child was late), "any duty which might have been owed by the board in relation to crossing guards had terminated by the time of the accident." 377 So.2d at 400.
[3] Under La.C.E. Art. 407, evidence of subsequent remedial measures is admissible to prove authority and feasibility.