CHEHARDY, Judge.
In this personal injury case, the trial court granted defendants’ motion for summary judgment, dismissing plaintiffs’ claims as to them. For the following reasons, we reverse the summary judgment and remand the matter for further proceedings.
This case arises out of an all-terrain vehicle (ATV) accident sustained by plaintiff/appellant, Edward P. Cunningham, III, on land in Mississippi leased for hunting by defendant/appellee, Eight Point Hunting Club of Metairie. Plaintiff was an officer in the hunting club and one of its founding members.
In September of 1997, prior to the start of the hunting season, plaintiff was riding his three-wheeled ATV on the leased property, traveling to an area hunted primarily by another officer/member, Paul Melan-con, in order to assist in the construction of a deer stand. On his way to the site, plaintiff had to travel up a newly-constructed “ridge road,” which was cut around a large sinkhole on a hill in a wooded area. As he got to the top of the hill, the front wheel of plaintiffs ATV began to rise off of the ground. In an attempt to re-stabilize the ATV, plaintiff leaned forward to put more weight on the front end. As he did this, the rear wheels of the ATV lost traction and the ATV began rolling backwards down the hill. Plaintiff attempted to jump clear of the ATV, but instead fell into the sinkhole. The ATV also fell |;¿into the sinkhole on top of plaintiff, causing injuries.
Plaintiff (along with his wife and his daughter) filed suit against the hunting club, its insurer, defendant/appellee, Northland Insurance Company, and Yamaha Motor Corporation, U.S.A., the manufacturer of plaintiffs ATV. The plaintiffs’ theory of liability against the hunting club was that it was negligent in failing to repair a dangerous condition on its premises (i.e., the sinkhole). This appeal only concerns the plaintiffs’ claims against the hunting club.
After the commencement of this lawsuit, and in addition to other discovery being propounded, the depositions of plaintiff and Paul Melancon were taken. Mr. Me-lancon was assigned to make sure that all of the roads on the land were passable prior to the start of the 1997 hunting season.
The hunting club and Northland thereafter filed a motion for summary judgment, arguing that no material facts are in dispute and that they are entitled to judgment as a matter of law. After a hearing on defendants’ motion, the trial court took the matter under submission. On December 8, 1999, the trial court granted defendants’ summary judgment and dismissed the plaintiffs’ suit against them. The judgment was thereafter certified as a final, appealable judgment pursuant to La. C.C.P. art. 1915, and this appeal ensued.
On appeal, the plaintiffs assert, inter alia, that “[t]he trial judge erred in the interpretation and application of Mississippi law dealing with the so-called ‘open and obvious’ defense.” At this point, it bears noting that because the accident happened in Mississippi, pursuant to La. C.C. art. 3543, “[i]ssues pertaining to the standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred ...” Both parties agree to the applicability of Mississippi law herein.
The other issue raised by the plaintiffs on appeal is that the trial court erred in determining that even if the hunting club was negligent in not filling the sinkhole, “the Pact of the plaintiff in attempting to drive up the hill, knowing there existed a tendency to tilt backwards, was an intervening cause of his injuries.”
It is well settled that appellate courts are required to review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Board of *691 Supervisors, 591 So.2d 342 (La.1991); Potter v. First Federal Savings and Loan, 615 So.2d 318 (La.1993). A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir.3/5/97), 692 So.2d 524.
With regards to plaintiffs’ first issue raised herein, both plaintiff and Mr. Melancon testified in their depositions that there were numerous sinkholes scattered around their leased hunting land. These sinkholes developed from year-to-year as a result of the variations in terrain of the land combined with rainfall which would wash out an area and create a sinkhole or enlarge an existing sinkhole.
Plaintiff testified in his deposition that prior to his accident, he knew of the existence of the sinkhole into which he fell and he discussed with Mr. Melancon the possibility of filling in the sinkhole. The sinkhole had existed for a period of years, but had recently increased enough to where it had washed out the “ridge road” that was used to get to a deer stand where Mr. Melancon primarily hunted. Plaintiff testified that in a prior conversation, he told Mr. Melancon that “if we don’t run out of our allotment for money on roads, go ahead and put one. But if that hole is as big as you say it is, you have to pay it because it’s really your stand.” As he testified in his deposition, Mr. Melancon eventually decided to have their bulldozer operator clear a path around the sinkhole, instead of filling it.
1 aIn its judgment, the trial court relied on Fulton v. Robinson Industries, Inc., 92-446, (Miss.9/14/95), 664 So.2d 170, a Mississippi Supreme Court case where the plaintiff slipped and fell in a McDonald’s parking lot which, along with the rest of the area, had been “blanketed” by snow, ice and sleet for three days. Prior to reaching a determination on whether the directed verdict in favor of the defendant should be affirmed, Fulton reviewed its prior holding in Tharp v. Bunge Corp., 641 So.2d 20 (Miss.1994), a premises liability case in which a grain inspector fell through a doorway while exiting a catwalk, sustaining a knee injury. In affirming the trial court’s directed verdict in favor of the defendant, the Tharp Court held:
This Court should discourage unreasonably dangerous conditions rather than fostering them in their obvious forms. It is anomalous to find that a defendant has a duty to provide reasonably safe premises and at the same time deny a plaintiff recovery from a breach of that same duty. The party in the best position to eliminate a dangerous condition should be burdened with that responsibility. If a dangerous condition is obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger.
We now abolish the so-called “open and obvious” defense and apply our true comparative negligence doctrine. The jury found that there was negligence in the case at hand; the trial judge erred in construing the open and obvious defense as a complete bar when it really is only a mitigation of damages on a comparative negligence basis under Miss. Code Ann. Sec. 11-7-15. The general verdict the jury returned in favor of Tharp shall be reinstated.
Id. at 25.
Additionally, prior to reaching its determination, the Fulton Court also reviewed several earlier cases involving slip-and-falls in snow. In order to distinguish cases involving true comparative fault from cases involving slip-and-falls in snow and ice, where the danger of falling was “open and obvious,” the Fulton Court held:
What emerges from the combination of these “slip and fall on snow” cases *692 and the progeny of Tharp is this law. An owner or operator of a business still owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care. Jerry Lee’s Grocery, Inc. v. Thompson, 528 So.2d 293 (Miss.1988). The invitee is still required to use in the interest of his own safety that degree of care and | (¡prudence which a person of ordinary intelligence would exercise under the same or similar circumstance. Tate, 650 So.2d at 1351.
It is important to restate this law because it may have been forgotten in the aftermath ,of Tharp. The law still revolves around what the owner can “anticipate” or “expect,” or what is “usual.” Tharp, 641 So.2d at 24. -There is no way for Robinson to anticipate from which direction a customer will be coming on the parking lot. This Court will not require Robinson to clear off the entire parking lot following an ice storm, or on a much larger scale, Northpark Mall to clear off its vast acres of parking space. Common sense must occasionally prevail and this case absolutely mandates common sense application.
The entire body of slip and fall case law combined with this Court’s latest pronouncements on the open and obvious doctrine can be summed up in these black letter conclusions:
(1) if an invitee is injured by a natural condition on a part of the business that is immediately adjacent to its major entrance and exit, then there is a jury question as to the openness and the obviousness of the danger. Goodwin v. Derryberry Co., 553 So.2d 40 (Miss.1989).
(2) if an invitee is injured by a natural condition on a remote part of the business premises, and the danger was known and appreciated by the injured party, then there is no jury question. Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646 (Miss.1988).
(3)if an invitee is injured by an artificial/man-made condition on an adjacent or internal part of the business premises, then there is a jury question as to the openness and obviousness of the danger. Tharp v. Bunge Corp., 641 So.2d 20 (Miss.1994); Tate v. Southern Jitney Jungle, 650 So.2d 1347 (Miss. 1995); Baptiste v. Jitney Jungle, 651 So.2d 1063 (Miss.1995); Downs v. Choo, 656 So.2d 84 (Miss.1995).
The facts of this case fall squarely within the framework of Lucas and Jerry Lee’s Grocery, Inc. We find that Fulton was injured on a remote part of the business premises (the parking lot), and that his fall was due solely to his own actions in walking on snow and ice, a God-made condition of which he was fully aware. Therefore, there was no negligence by Robinson and no question for the jury to consider in this case.
This Court has previously held, “[j]ust how open and obvious a condition may have been is a question for the jury, in all except the clearest of cases.” Bell v. City of Bay St. Louis, 467 So.2d 657, 664 (Miss.1985). In Mercy Regional Medical Center v. Doiron, 348 So.2d 243, 246 (Miss.1977), this Court acknowledged that “an injury could belong to a class of ordinary accidents which are properly imputed to the carelessness or the misfortune of the one injured.” The case sub judice is one of those clearest cases. The record reveals that Fulton was being cautious in his walk across the snow covered parking lot. Nonetheless, he fell. Snow can be very tricky when a person is walking upon it. Though Fulton’s fall may not have been due to carelessness on his part, neither was his fall due to any lack of reasonable care on the part of Robinson. This incident must be |7chalked up to the sheer mis *693 fortune of the one injured, an accident, pure and simple.
Even in Tharp, 641 So.2d at 23, this Court recognized that “[f]or the open and obvious defense to be a complete bar to a negligence claim, the plaintiff must be one hundred percent (100%) negligent himself.” This Court held that if the “defendant and the plaintiff were both at fault in causing or attributing to the harm, then damages can be determined through the comparative negligence of both.” Id. at 24. Returning to the case at bar, since there is no fault whatsoever on the part of Robinson, you do not get to true comparative negligence principles.
Fulton, supra, 664 So.2d 170, 175-76.
Upon our review of the record herein, we find that the second Fulton scenario applies: that the plaintiff, as an invitee, was injured by a natural condition on a remote part of the business premises.[1] While plaintiff essentially argues that none of the areas on the leased land are remote because all areas were hunted by the members, it is without question that the area where plaintiff was injured was not “immediately adjacent to [the leased property’s] major entrance and exit.” It is also clear that if a McDonald’s parking lot is considered a remote part of the McDonald’s premises, so too is the area where plaintiff was injured.[2]
While we find that the area where plaintiff was injured was remote, we cannot say, after a thorough review of the record before us, that “the danger was known and appreciated” by the plaintiff. It bears noting that only portions of the plaintiffs deposition were submitted by the hunting club in support of its motion for summary judgment. In those deposition excerpts, plaintiff testified that he had seen the sinkhole (in a much smaller condition) two years prior to his accident, and that he had a prior discussion about the sinkhole with Mr. Melancon. However, the deposition excerpts fail to show that plaintiff knew when he went up the hill that he would be traveling past the sinkhole, or that he knew the danger that if he did not make it up the hill, because of the | sposition of the sinkhole, that he may fall into the sinkhole. Because the area was thickly wooded and plaintiffs view of the sinkhole from the base of the hill may have been obscured by underbrush, the questions of what plaintiff could see and what plaintiff could reasonably be expected to know prior to commencing his assent are still in dispute.
It is well settled that summary judgments are inappropriate when questions exist regarding subjective facts such as knowledge. See, e.g., Haley v. Calcasieu Parish School Board, 99-883 (La.App. 3 Cir.12/8/99), 753 So.2d 882, writ denied, 00-54 (La.2/24/00), 755 So.2d 242.
Furthermore, we find this case to be factually distinguishable from Fulton because in Fulton, it was undisputed that plaintiff knew of the existence of the ice and snow which “blanketed” the McDonald’s parking lot and he appreciated the danger involved in walking across this slippery surface. In this matter, material facts are still in dispute as to whether plaintiff knew where the sinkhole was and appreciated the danger of falling into it by traveling up the hill.
As stated in Fulton, supra, just how open and obvious a condition may have been is a question for the jury, in all except the clearest of cases. Upon review, we do not find this to be one of the clearest of cases. Therefore, we find that the hunting club failed to meet its burden of proof that no material fact is in dispute, and the trial court erred in granting its motion for summary judgment based on Fulton, supra.
*694 Finally, as noted above, the trial court found that even if the hunting club was negligent in not filling the hole, “the act of the plaintiff in attempting to drive up the hill, knowing there existed a tendency to tilt backwards, was an intervening cause of his injuries.” We also find this determination to be inappropriate for a summary judgment proceeding. Inherent in this determination is the finding that plaintiff knew that if he lost control of his ATV, he may fall into the sinkhole and become injured. As stated, it is not known whether plaintiff knew the location of the sinkhole on the hill and appreciated the danger that existed.
19Additionally, we do not believe that a determination can be made at this stage regarding whether one factor was a superceding intervening cause of plaintiffs accident. Typically, an intervening cause raises a question of concurrent cause, but it if it is determined that the intervening cause is a superceding intervening cause, the defendant is exonerated. LeBlanc v. Jani-King, Inc., 538 So.2d 1156, 1158 (La.App. 4 Cir.1989), writ denied, 542 So.2d 1390 (La.1989), cert. denied, 493 U.S. 995, 110 S.Ct. 548, 107 L.Ed.2d 544 (1989). Further, questions of causation are usually issues for the factfinder’s determination, but it is possible to determine these issues on summary judgment if reasonable minds could not differ. Fowler v. Roberts, 556 So.2d 1 (La.1989).
In this matter, we note at least three factors which may be found to be partially or fully at fault in causing plaintiff accident: plaintiffs actions in attempting to ride up the hill, plaintiffs ATV’s propensity to lift its front wheel when riding up a hill, and the existence of a large sinkhole on the hill and near the road plaintiff was attempting to navigate. Upon review, it is clear that reasonable minds could differ on these questions of causation. A determination of what factor(s) caused plaintiffs accident and subsequent injuries, and the apportionment of fault to the factor(s), can only be made by the trier of fact after a full trial on the merits.
Because we find that the two determinations made by the trial court (that the sinkhole was an “open and obvious danger” and that plaintiffs actions were an intervening cause of his injuries) were inappropriate for a summary judgment proceeding, we reverse the trial court’s December 9, 1999 judgment and remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed against defendants/appellees.
REVERSED AND REMANDED.

. It is undisputed that plaintiff was an invitee and that the sinkhole was caused by a natural condition.

. The deposition testimony showed that plaintiff was injured in an area more than one mile from the camp and approximately four hundred yards from a main road.