Dear Mayor McGehee:
You requested an opinion of this office as to which governmental entity, if any, is mandated by law to provide crossing guards for schools in the City of Bogalusa (Bogalusa). You indicated that until recently the Bogalusa Police Department (Police Department) provided crossing guards for Bogalusa schools. However, recent budget cuts required the layoff of police officers, and the Police Department is no longer providing crossing guards for schools. The Bogalusa School Board (School Board) maintains that the Police Department is required to provide crossing guards for schools; therefore, you ask which entity, if any, is required to provide crossing guards to Bogalusa schools.
We were unable to find any Louisiana statute that expressly requires a police department to provide crossing guards for schools. In fact, we were unable to find a Louisiana statutory provision that expressly requires any entity, including a school board, to provide crossing guards for schools. Therefore, it is the opinion of this office that no governmental entity, including the Bogalusa Police Department and the Bogalusa School Board, is mandated by statute to provide crossing guards for Bogalusa schools.
It is important to note, however, that even in the absence of an express statutory requirement to provide crossing guards, the Bogalusa School Board may still have a duty in some instances to provide crossing guards in its schools. It is well-settled in Louisiana jurisprudence that the duty imposed on a school board with regard to children in its care is that of reasonable supervision. La.Civ. Code art. 2320; S.J., et al. v.Lafayette Parish School Board, 09-2195 (La.7/6/10), 41 So.3d 1119 (citingWallmuth v. Rapides Parish School Board, 01-1779 (La. 4/30/02),813 So.2d 341, 346.) "The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances." Id. at 1125. The supreme court further provided that the existence of this duty "does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision." Id.
In Gary v. Meche, 626 So.2d 901 (La.App. 3 Cir. 1993), parents sought damages from the *Page 2 
Town of Welsh (Town) and the Jefferson Davis School Board (School Board) for injuries sustained by their six-year-old daughter. She collided with the side of a truck when she ran into the street after dismissal from school. Neither the Town nor the School Board employed crossing guards for this school, and plaintiffs alleged that both the Town and the School Board were liable for failing to do so.
The court found the Town owed no duty to the plaintiff and dismissed the claim against it. However, with regard to the school board, the court cited the well-established principle that school boards have a duty to provide reasonable supervision over students and noted for the record that the school board did not agree that such a duty existed and did not present any evidence showing that any supervision was carried out nor did it present any justification for its failure to implement a supervision policy. The court found that the School Board had abrogated its duty to reasonably supervise its youngest students and was therefore liable for the student's injuries. The court went on to say that it was not necessary to determine whether building a fence or using crossing guards was an appropriate method of supervision, because the school board had offered no evidence that it exercised any supervision over its students. Of significance for school boards is the appellate court's agreement with the trial court judge that "the failure to construct a fence and the failure to utilize crossing guards do not, in and of themselves, impose liability on the School Board." The determination as to whether schools must provide crossing guards appears to be a factual one based on its duty to provide reasonable supervision over students.
In summary, we were not able to find any Louisiana statutory provision that expressly requires a police department to provide crossing guards for schools; nor did we find any statutory provision expressly requiring any other entity, including a school board, to provide crossing guards for schools. We note, however, that a school board has a duty to provide reasonable supervision over students in its care. This duty is defined as reasonable, competent supervision over students based on the age of the children and the attendant circumstances. A school board must determine, based on the facts and circumstances of a given situation, whether a crossing guard is required to ensure that the school board is providing reasonable supervision over the students in its care.
We trust this addresses your concerns. If you have any additional questions, please do not hesitate to contact this office.
 With kindest regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ DENISE BROU FITZGERALD ASSISTANT ATTORNEY GENERAL
 JDC:DBF:lbw