JaGONZALES, Judge.
This is a suit by Sharon Turner, individually and as administratrix of the estate of her minor child, Reginald Turner, against a teacher at his school, Linda D’Amico, Ms. D’Amico’s automobile insurer, Louisiana Farm Bureau Casualty Insurance Company (Louisiana Farm Bureau) and the Pointe Coupee School Board (School Board) for injuries Reginald suffered after “bailing out” of Ms. D’Amico’s truck as she was giving him a ride home from school.[1]
On April 27,1993, Reginald and his cousin, Walter Hill, were suspended from Upper Pointe Coupee Elementary School for fighting. Reginald was 11 years old at the time, and was classified as having a learning disability.[2] Ms. D’Amico, a teacher who had assistant principal duties at that time, testified that she decided to drive the two boys home because she knew it would be difficult to get in touch with Walter’s mother, and she thought she was helping the parents out by taking both boys home right behind the bus, which they had missed.
Walter sat in the middle seat of the truck, next to Ms. D’Amico, and Reginald sat by the passenger door. Ms. D’Amico put on her seat belt and instructed the boys to put on *1163 their seat belts also. Neither child fastened his seat belt. Ms. D’Amico then locked the doors,, using the power lock button on her side of the truck, and proceeded to drive the boys home. She was only a short distance from the school when Reginald yelled at her, threw his sweatshirt, and jumped out of the truck. Ms. D’Amico was driving less than twenty-five miles per hour when Reginald jumped out of the truck.
Ms. D’Amico stopped the truck and proceeded to care for Reginald until medical help arrived. Reginald was not moved until an ambulance arrived to transport him. He was lying on the side of the road, about even with the back bumper of the truck. Reginald sustained multiple contusions to the left shoulder, elbow, hip, knee and ankle and strains to the low back and neck.
_JsAfter trial on the merits, the trial court ruled in favor of the plaintiffs, and against the defendants, solidarily in the amount of $10,000, less $2,443.05, previously paid on behalf of the plaintiffs for medical expenses. This judgment was signed on November 8, 1995. The School Board filed a suspensive appeal from this judgment on December 7, 1995.[3]
Thereafter, on December 14,1995, the trial judge signed an amended judgment which allocated fault as follows: 75% to Ms. D’Ami-co and Louisiana Farm Bureau, and 25% to the School Board. On December 21, 1995, Ms. D’Amico and Louisiana Farm Bureau appealed the November 8, 1995 judgment. On January 29, 1996, Ms. D’Amico and Louisiana Farm Bureau appealed the December 14,1995 judgment.
The School Board makes the following assignments of error:
1. The trial court erred in finding that the school board was at fault for the incident of April 27,1993.
2. The trial court erred in not finding Reginald Turner comparatively at fault for the injuries he sustained.
3. The trial court erred in awarding excessive general and special damages to Reginald Turner.
4. The trial court erred in holding that the acts of Reginald Turner were foreseeable based on his propensity for misconduct and finding that such foreseeability triggered liability for his damages when he jumped from the truck.
Ms. D’Amico and Louisiana Farm Bureau make the following assignments of error:
1. The trial court erred by not apportioning fault among the parties in its original judgment.
2. The trial court erred by entering the amended judgment after granting the appeal of the School Board.
3. The trial court erred by finding Ms. D’Amico to be at fault to any degree as a driver of her vehicle.
The trial court erred by not finding Reginald Turner to be at fault.
5. The trial court erred in its quantum of damages awarded to the plaintiffs.
I4ANALYSIS
The trial court erred in rendering an amended judgment after the School Board filed an appeal. The amended judgment is null because the jurisdiction of the trial court was divested, and that of the appellate court attached, on the granting of the order of appeal. La. C.C. P. art. 2088. Therefore, in this appeal we are left with the trial court’s judgment of November 8, 1995, which failed to assess percentages of fault.
The trial court’s failure to assess percentages of fault is legal error. Boudreaux v. Farmer, 604 So.2d 641, 652 (La.App. 1st Cir.), writ denied, 605 So.2d 1373 & 1374 (La.1992); La. C.C.P. art. 1917; La. C.C.P. art. 1812(C).
Where the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judg *1164 ment on the merits. Rosell v. ESCO, 549 So.2d 840, 844 n. 2 (La.1989).
It is well established that a school board, through its agents and teachers, is responsible for reasonable supervision over students. Educators are required to exercise only that supervision and discipline expected of a reasonably prudent person under the circumstances at hand. Obviously then, the failure to take every precaution against all foreseeable injury does not necessarily constitute negligence. Adams v. Caddo Parish School Board, 25,370 (La.App. 2 Cir. 1/19/94), 631 So.2d 70, 73; writ denied, 94r-0684 (La.4/29/94), 637 So.2d 466.
Negligence—“fault” under Civil Code article 2315—is the failure to exercise reasonable care under the circumstances. Generally, a person is negligent if he or she fails to exercise reasonable care to avoid a foreseeable risk, and this failure causes damage to another. Frank L. Maraist and Thomas C. Galligan, Louisiana Tort Law (1996) § 3-1.
In his oral reasons for judgment,[4] the only negligence the trial court found on the part of Ms. D’Amico was in proceeding to drive Reginald home from school after he Isfailed to buckle his seat belt. The trial court found that it was foreseeable that Reginald might try to “bail out” of the truck.
Generally, breach of a duty is the failure to exercise reasonable care under the circumstances. The person owing the duty is not required to avoid the harm, but only to use reasonable care to avoid it. The standard is generally an objective one, i.e., what a reasonable person in the actor’s position would have done under the same or similar circumstances, and not what any particular subsequent trier of fact would have done. The relevant “circumstances” include those things bearing upon the likelihood and severity of the harm that could result from the actor’s conduct, and the costs to the actor and to society of avoiding that harm. (Footnotes omitted.)
Maraist and Galligan, supra § 6-1.
Ms. D’Amico testified that she requested that the boys put on their seat belts, then locked the truck doors when they failed to do so. Reginald did not deny that Ms. D’Amico told him to put on his seat belt. Ms. D’Ami-co testified that, when Reginald failed to fasten the seat belt as directed, she did not lean over and fasten it for him because she was afraid he might hit her. In light of the fact that Reginald had been suspended from school before for fighting, had been suspended on this day for fighting, and had made it explicitly clear on several occasions that he did not want to be touched by the teachers, Ms. D’Amico’s fear of touching Reginald was reasonable.
Ms. D’Amico’s decision to take Reginald home, under the circumstances of this case, was a reasonable one. It was simply not foreseeable to Ms. D’Amico that Reginald would jump out of the vehicle on the way home. Further, we note that, even had Reginald been wearing a seat belt, this would not have stopped him if he was determined to jump out of the truck. Removing his seat belt would have only slowed him down a moment, but would not have prevented his jumping out of the truck. We find no negligence on the part of Ms. D’Amico in this case.
The trial court found the School Board at fault because of a lack of regulations. The trial court stated in its reasons for judgment:
The School Board has no regulation on this, they should. Absolutely, there’s no doubt in my mind the School Board should regulate how students come from and to school, special education children, regular children, advance [sic] children. There should be regulation on how they come and go from school, especially after disciplinary problems.
leThe trial court gives no authority for its finding that the School Board is negligent for failing to have a specific regulation regarding how suspended children are to be transported home. There is no requirement by law that the School Board have specific regulations to cover every possible factual scenario which may occur on the school grounds. Ms. *1165 D’Amico testified that these situations were basically handled on a case by case basis; She had, on occasion, transported children home from school, and other teachers had done so also. This was a reasonable practice or procedure. Reginald had been transported home by teachers on other occasions after being suspended, with no apparent problems.
We distinguish this ease from Sutton v. Duplessis, 584 So.2d 362 (La.App. 4th Cir. 1991), in which a six year old boy, whose mother failed to pick him up on early dismissal day, left school by himself and was hit by a car. The Orleans Parish School Board was found negligent for failing to have a policy to insure that younger students were properly supervised and did not leave school unattended on early dismissal days. In this case, the students were older, were supervised and did not leave school alone.
We find no fault on the part of the School Board for failing to have a specific regulation covering this situation.
Perhaps it would be a better policy for a school board and its teachers to contact juvenile authorities or sheriffs department personnel to transport unruly students home, rather than have school employees take the children home. This, however, would undoubtedly put a great strain on the resources of those personnel. Further, Ms. D’Amico testified that by the time she put the boys in her truck to take them home, some time had elapsed since their fight, and they seemed to have calmed down. Under the circumstances of this case, we find no negligence on the part of either the School Board or Ms. D’Am-ico.
For the foregoing reasons, the trial court judgment is REVERSED. Costs are assessed against the plaintiffs.
CARTER, J., concurs in the results.

. Although the parties disputed at trial whether Reginald fell or jumped out of the truck, we note that the trial court several times in its oral reasons referred to "bailing out” of the truck, apparently finding that Reginald jumped out of the truck.

. Testimony at trial established that Reginald had a mental ability slightly below that of others his age.

. We note that the School Board is exempted from the requirement of posting a bond with a suspensive appeal by virtue of La.R.S. 13:4581.

. There were no written reasons for judgment in this case.