701 So.2d 236 (1997)
Sharon TURNER, Individually and as Administrator of the Estate of her minor child, Reginald Turner
v.
Linda D'AMICO, Louisiana Farm Bureau Casualty Insurance Company and Pointe Coupee Parish School Board.
No. 96 CA 0624R.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
Rehearing Denied November 12, 1997.
Larry S. Bossier, Grosse Tete, for Defendant/1st Appellant Pointe Coupee Parish School Board.
Stacey Moak, Baton Rouge, for Defendants/2nd Appellants Linda D'Amico and Louisiana Farm Bureau Casualty Insurance Company.
C. Jerome D'Aquila, New Roads, for Plaintiffs/Appellees Sharon Turner, et al.
*237 Before GONZALES and PARRO, JJ., and TYSON,[1] J. Pro Tem.
GONZALES, Judge.
This case is before us on remand from the Louisiana Supreme Court. In our prior report, Turner v. D'Amico, 96-0624 (La.App. 1st Cir. 12/20/96), 684 So.2d 1161, we found in pertinent part as follows:
This is a suit by Sharon Turner, individually and as administratrix of the estate of her minor child, Reginald Turner, against a teacher at his school, Linda D'Amico, Ms. D'Amico's automobile insurer, Louisiana Farm Bureau Casualty Insurance Company (Louisiana Farm Bureau) and the Pointe Coupee School Board (School Board) for injuries Reginald suffered after "bailing out" of Ms. D'Amico's truck as she was giving him a ride home from school.[2]
On April 27, 1993, Reginald and his cousin, Walter Hill, were suspended from Upper Pointe Coupee Elementary School for fighting. Reginald was 11 years old at the time, and was classified as having a learning disability.[3] Ms. D'Amico, a teacher who had assistant principal duties at that time, testified that she decided to drive the two boys home because she knew it would be difficult to get in touch with Walter's mother, and she thought she was helping the parents out by taking both boys home right behind the bus, which they had missed.
Walter sat in the middle seat of the truck, next to Ms. D'Amico, and Reginald sat by the passenger door. Ms. D'Amico put on her seat belt and instructed the boys to put on their seat belts also. Neither child fastened his seat belt. Ms. D'Amico then locked the doors, using the power lock button on her side of the truck, and proceeded to drive the boys home. She was only a short distance from the school when Reginald yelled at her, threw his sweatshirt, and jumped out of the truck. Ms. D'Amico was driving less than twenty-five miles per hour when Reginald jumped out of the truck.
Ms. D'Amico stopped the truck and proceeded to care for Reginald until medical help arrived. Reginald was not moved until an ambulance arrived to transport him. He was lying on the side of the road, about even with the back bumper of the truck. Reginald sustained multiple contusions to the left shoulder, elbow, hip, knee and ankle and strains to the low back and neck.
After trial on the merits, the trial court ruled in favor of the plaintiffs, and against the defendants, solidarily in the amount of $10,000, less $2,443.05, previously paid on behalf of the plaintiffs for medical expenses. This judgment was signed on November 8, 1995. The School Board filed a suspensive appeal from this judgment on December 7, 1995.
Thereafter, on December 14, 1995, the trial judge signed an amended judgment which allocated fault as follows: 75% to Ms. D'Amico and Louisiana Farm Bureau, and 25% to the School Board. On December 21, 1995, Ms. D'Amico and Louisiana Farm Bureau appealed the November 8, 1995 judgment. On January 29, 1996, Ms. D'Amico and Louisiana Farm Bureau appealed the December 14, 1995 judgment.
The School Board makes the following assignments of error:
1. The trial court erred in finding that the school board was at fault for the incident of April 27, 1993.
2. The trial court erred in not finding Reginald Turner comparatively at fault for the injuries he sustained.
3. The trial court erred in awarding excessive general and special damages to Reginald Turner.

*238 4. The trial court erred in holding that the acts of Reginald Turner were foreseeable based on his propensity for misconduct and finding that such foreseeability triggered liability for his damages when he jumped from the truck.
Ms. D'Amico and Louisiana Farm Bureau make the following assignments of error:
1. The trial court erred by not apportioning fault among the parties in its original judgment.
2. The trial court erred by entering the amended judgment after granting the appeal of the School Board.
3. The trial court erred by finding Ms. D'Amico to be at fault to any degree as a driver of her vehicle.
[4.] The trial court erred by not finding Reginald Turner to be at fault.
5. The trial court erred in its quantum of damages awarded to the plaintiffs.
ANALYSIS
The trial court erred in rendering an amended judgment after the School Board filed an appeal. The amended judgment is null because the jurisdiction of the trial court was divested, and that of the appellate court attached, on the granting of the order of appeal. La. C.C.P. art. 2088. Therefore, in this appeal, we are left with the trial court's judgment of November 8, 1995, which failed to assess percentages of fault.
The trial court's failure to assess percentages of fault is legal error. Boudreaux v. Farmer, 604 So.2d 641, 651 (La. App. 1st Cir.), writ denied, 605 So.2d 1373 & 1374 (La.1992); La. C.C.P. art. 1917; La. C.C.P. art. 1812(C).
Where the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, 844 n. 2 (La.1989).
In accord with the instructions from the Louisiana Supreme Court, we are to review the determination of liability under the manifest error or clearly wrong standard. If liability is found, then apportionment of fault should be determined by review de novo.
A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
A review of the record in this case convinces us that the trial court was manifestly erroneous and clearly wrong in finding liability on the part of Ms. D'Amico and the School Board. Ms. D'Amico had transported students home from school on occasion before, and other teachers had done so also. Ms. D'Amico testified that she asked the boys to put on their seat belts, then she locked the doors of the truck when they failed to do so. She stated that by the time she put the boys in her truck to take them home, they had calmed down from their earlier fight. Ms. D'Amico's decision to take the boys home, under the circumstances of this case, was a reasonable one. It was simply not foreseeable to Ms. D'Amico that Reginald would jump out of a moving vehicle.
In finding the School Board at fault, the trial court stated:
The School Board has no regulation on this, they should. Absolutely, there's no doubt in my mind the School Board should regulate how students come from and to school, special education children, regular children, advance [sic] children. There should be regulation on how they come and go from school, especially after disciplinary problems.
The trial court gives no authority for this finding that the School Board is negligent for failing to have a specific regulation to cover how suspended children are to be transported home. There is no requirement by law that the School Board have a specific regulation to cover every possible factual scenario which may occur on the school grounds. Situations *239 like Reginald's were handled on a case-by-case basis. Ms. D'Amico had transported other children home on occasion, as had other teachers. Reginald had been transported home by teachers on other occasions after being suspended, and there had apparently been no problems with this procedure.
For the foregoing reasons, the trial court judgment is REVERSED. Costs are assessed against the plaintiffs.
NOTES
[1] The Honorable Ralph E. Tyson, Judge, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the parties disputed at trial whether Reginald fell or jumped out of the truck, we note that the trial court several times in its oral reasons referred to "bailing out" of the truck, apparently finding that Reginald jumped out of the truck.
[3] Testimony at trial established that Reginald had a mental ability slightly below that of others his age.