MOTION TO VACATE JUDGMENT AND REMAND UNLODGED APPEAL

| .DOUCET, Chief Judge.
On February 24, 1997, a collision occurred between an 18 wheeler tractor trailer driven by Guy Higginbotham and a car driven by Lesia Zachary Tremble, and Le-sia died as a result of this accident. Andre Tremble, decedent’s husband, instituted suit on his behalf and on behalf of his children for the wrongful death of Lesia Tremble. Suit was instituted against Guy Higginbotham, Kevin Higginbotham, who was driving the escort vehicle, L.J. Hicks, Inc., Guy and Kevin’s employer, and Mid-Continent Casualty Insurance Company (“Mid-Continent”), insurer of L.J. Hicks, Inc.
Judgment was rendered in favor of plaintiffs and against defendants. Defendants appealed the judgment. Defendants also filed a “Motion to Vacate Judgment and Remand Unlodged Appeal” seeking to have the trial court’s judgment vacated and the case remanded to allow the trial court to apportion fault between Guy |2and Kevin Higginbotham and clarify the limits of liability of Mid-Continent.
The judgment held Guy and Kevin Higginbotham, L.J. Hicks, Inc. and Mid-Continent liable in solido. With respect to the liability of Mid-Continent, the judgment indicates Mid-Continent’s liability is subject to the terms of its policy.
The motion to vacate and remand asserts the trial court erred in failing to apportion fault between Kevin and Guy Higginbotham as required by La. Civ.Code Arts. 2323 and 2324, as amended in 1998. Defendants assert this must be corrected before appeal of this matter as the apportionment of fault affects the amount of the bond for the suspensive appeal. Plaintiffs have filed a motion to dismiss the suspen-sive appeal of L.J. Hicks, Inc., Guy Higginbotham and Kevin Higginbotham for failure to post a bond in connection with the suspensive appeal. The bond for these three parties was set at $946,018.21. A bond for this amount has not been posted. Defendants assert if the fault had been apportioned between Kevin and Guy Higginbotham, the amount of the bond required by each would have been reduced, and they may have been able to post a bond of a lesser amount.
Defendants also seek to have the judgment vacated and the case remanded be- ' cause they assert the judgment fails to clearly limit the liability of Mid-Continent to its policy limits of $1,000,000. According to defendants, Mid-Continent cannot determine whether to raise the issue of its liability on appeal until its liability is specifically determined by the trial court.
La. Civ.Code art. 2323, as amended in 1996, requires the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss to be determined. La. Civ.Code art. 2324 was also amended in 1996, and it now allows for solidary liability only when one conspires with another person to commit an intentional or willful act. Plaintiffs acknowledge arts. 2323 and 2324, however, *68 they suggest they do not contemplate a situation where two actors are jointly involved in one transaction and it is virtually impossible to quantify each act of negligence.
In Turner v. D’Amico, 960624 (La.App. 1 Cir. 9/1/97); 701 So.2d 236, the court found the trial court’s failure to assess percentages of fault to be legal error. Plaintiffs recognize Turner, supra for the court’s statement regarding failure to assess percentages of fault, however, plaintiffs suggest Turner, supra does not provide authority for vacating the judgment and remanding the case.
This accident occurred in 1997, therefore, the 1996 amendment to arts. 2323 and 2324 apply to this case. Art. 2323 requires a trial court to determine the degree |3or percentage of fault of all persons causing or contributing to a loss or injury. In this ease, the trial court failed to do so. Although it may be a difficult task as plaintiffs suggest, it is mandated by art. 2323.
Defendants correctly assert that the percentage of fault may affect the. amount of the suspensive appeal bond and each party’s ability to post a bond, therefore, remand for the trial court to determine the degree or percentage of fault of the persons causing or contributing to this accident is appropriate. However, vacating the judgment is not appropriate. As to defendants’ assertion that the trial court’s failure to clarify Mid-Continent’s liability in terms of the limits of its policy, this court finds this issue can be raised by Mid-Continent on the appeal and addressed by this court at that time. Ruling on plaintiffs’ motion to dismiss suspensive appeal for failure to post a bond (M99-812) is deferred pending remand of the ease for a determination of the percentages of fault.
Accordingly, the matter is remanded to the trial court with instructions to assign a degree or percentage of fault to the persons causing or contributing to this accident. Additionally, the trial court is instructed to redetermine, if necessary, the amount of the suspensive appeal bonds required to be posted by the parties and to set a time for posting said bonds.

MOTION TO REMAND GRANTED, IN PART, AS TO THE TRIAL COURT’S FAILURE TO ASSIGN PERCENTAGES OF FAULT, CASE REMANDED TO THE TRIAL COURT TO ASSIGN A PERCENTAGE OF FAULT TO EACH OF THE PERSONS CAUSING OR CONTRIBUTING TO THE ACCIDENT, AND TO REDETERMINE, IF NECESSARY, THE AMOUNT OF THE SUSPENSIVE APPEAL BONDS AND SET A TIME FOR POSTING THE BONDS.